# EXHIBIT A

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Grant W. Armstrong and Armstrong RX GP, LLC

## DEFENDANTS
White Winston Select Asset Funds, LLC

**(b)** County of Residence of First Listed Plaintiff: Dallas County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Benjamin H. Hathaway, Richards Rodriguez & Skeith, 816 Congress Avenue, Suite 1200, Austin, TX 78701; 512-391-8256

Attorneys *(If Known)*
Michael W. Shore, Shore Chan DePumpo LLP, 901 Main Street, Suite 3300, Dallas, TX; 214-593-9110 and Nicholas Allen, McCarter & English, LLP, 265 Franklin Street, Boston, MA 02110; 617-449-6505

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act |  | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  / **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 448 Education / ☐ 555 Prison Condition |  |  |  |
|  |  / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332
Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ 100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE: 01/08/2016
SIGNATURE OF ATTORNEY OF RECORD: /s/ Andrew M. Howard

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or a similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Attorney Signature.** Date and sign the civil cover sheet.

# Supplemental Civil Cover Sheet for Cases Removed From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

    Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

    | Court | Case Number |
    |---|---|
    | 192nd District Court | DC-15-14862 |

2. **Style of the Case:**

    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

    | Party and Party Type | Attorney(s) |
    |---|---|
    | See Attached Exhibit 1 | |
    | | |
    | | |
    | | |
    | | |

3. **Jury Demand:**

    Was a Jury Demand made in State Court?   ☐ Yes   ✔ No

    If "*Yes*," by which party and on what date?

    _____     01/08/2016_____
    Party                                                                Date

4. **Answer:**

   Was an Answer made in State Court?  ☐ Yes    ✔ No

   If "*Yes*," by which party and on what date?

   _____    _____
   Party                                        Date

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | Party | Reason(s) for No Service |
   |---|---|
   | White Winston Select Asset Funds, LLC | Unknown |
   |  |  |
   |  |  |
   |  |  |
   |  |  |

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | Party | Reason |
   |---|---|
   | N/A |  |

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | Party | Claim(s) |
   |---|---|
   | Plaintiff | Declaratory Judgment |

**EXHIBIT 1**

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Plaintiffs – Grant Armstrong and Armstrong RX GP, LLC | Benjamin H. Hathaway, State Bar No. 09224500, Richards Rodriguez & Skeith, 816 Congress Ave., Suite 1200, Austin, TX 78701; 512-391-8256 |
| Defendant – White Winston Select Asset Funds, LLC | Andrew M. Howard, State Bar No. 24059973, Shore Chan DePumpo LLP, 901 Main St., Suite 3300, Dallas, TX 75202; 214-593-9110 and David M. Ianelli, Mass. BBO # 567274 and Nicholas Allen, Mass. BBO # 663409, McCarter & English, LLP, 265 Franklin St., Boston, MA 02110; 617-449-6500 |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GRANT ARMSTRONG; <br> ARMSTRONG RX GP, LLC <br><br> Plaintiffs, <br> v. <br><br> WHITE WINSTON SELECT ASSET FUNDS, LLC <br><br> Defendant. | C. A. No. _____ |

## INDEX OF DOCUMENTS

1. Docket Sheet from the 192 Judicial District Court, Dallas County, Texas;

2. Original Petition filed on December 8, 2015; and

3. Civil Case Information Sheet filed December 8, 2015.

12/17/2015 Case 1:16-cv-10666-JCB courts.dallascounty.org/CaseDetail.aspx?CaseID=5053685 Page 8 of 17

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search Back      Location : All District Civil Courts  Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-14862

| | | | |
|---|---|---|---|
| GRANT ARMSTRONG, et al vs. WHITE WINSTON SELECT ASSET FUNDS LLC | § § § § § | Case Type: | **CNTR CNSMR COM DEBT** |
| | | Date Filed: | **12/08/2015** |
| | | Location: | **192nd District Court** |

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | WHITE WINSTON SELECT ASSET FUNDS LLC | |
| **PLAINTIFF** | ARMSTRONG RX GP LLC | **BENJAMIN H HATHAWAY** *Retained* 512-391-8256(W) |
| **PLAINTIFF** | ARMSTRONG, GRANT W. | **BENJAMIN H HATHAWAY** *Retained* 512-391-8256(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**
- 12/08/2015 NEW CASE FILED (OCA) - CIVIL
- 12/08/2015 ORIGINAL PETITION
- 12/08/2015 CASE FILING COVER SHEET
- 12/08/2015 ISSUE CITATION COMM OF INS OR SOS
  - 9214 8901 0661 5400 0075 8529 99
- 12/15/2015 CITATION SOS/COI/COH/HAG
  - CERTMAIL/AM
    - WHITE WINSTON SELECT ASSET FUNDS LLC         Unserved

---

### FINANCIAL INFORMATION

| **PLAINTIFF** ARMSTRONG, GRANT W. | |
|---|---:|
| Total Financial Assessment | 385.00 |
| Total Payments and Credits | 385.00 |
| **Balance Due as of 12/17/2015** | **0.00** |

| 12/10/2015 | Transaction Assessment | | | 385.00 |
|---|---|---|---|---:|
| 12/10/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 72329-2015-DCLK | Armstrong, Grant W. | (385.00) |

FILED
DALLAS COUNTY
12/8/2015 12:57:10 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-15-14862

| | | |
|---|---|---|
| **GRANT ARMSTRONG,** and **ARMSTRONG RX GP, LLC** | § § § | **IN THE DISTRICT COURT** |
| Plaintiffs, | § § | |
| v. | § § | ____ **JUDICIAL DISTRICT OF** |
| **WHITE WINSTON SELECT ASSET FUNDS, LLC,** | § § § § | |
| Defendant. | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Grant Armstrong and Armstrong RX GP, LLC, file their Plaintiffs' Original Petition against White Winston Select Asset Funds, LLC, and in support thereof, respectfully show this Court the following:

### I. DISCOVERY CONTROL PLAN

1.  Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and will seek a Court order in accordance with the requirements of such Rule. Pursuant to Tex. R. Civ. P. 47(b) and (c), Plaintiffs state that they seek monetary relief of $100,000 or less and non-monetary relief, and that such damages are within the jurisdictional limits of the Court.

### II. PARTIES

2.  Plaintiff Grant Armstrong ("Armstrong") is a resident of Dallas County, Texas.

3.  Plaintiff Armstrong RX GP, LLC ("AGP") is a limited liability company duly chartered and existing under the laws of the State of Texas, with its principal place of business in Dallas County, Texas.

2228.003
460853

4. Defendant White Winston Select Asset Funds, LLC ("Defendant" or "WWSAF") is a limited liability company organized and existing under the laws of Utah with its principal place of business in Salt Lake City, Utah. Defendant regularly conducts and engages in business in Texas, including in Dallas County, Texas, but has not designated or maintained a resident agent for service of process. Accordingly, service of process on Defendant may be effected on the Texas Secretary of State pursuant to Tex. Civ. Prac. & Rem. Code 17.044 and 17.045, with a copy of the process being mailed to Defendant through its registered agent, Mark Blundell, 7205 Westview Court, P.O. Box 981233, Park City, Utah 84098.

### III.  JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted by Plaintiffs because the amount in controversy is within the jurisdictional limits of this Court. Venue is proper in Dallas County, Texas because the facts giving rise to the claims herein occurred in Dallas County, Plaintiffs are residents of Dallas County, and Defendant has conducted and, upon information and belief is conducting, business in Dallas County.

### IV.  FACTUAL BACKGROUND

6. In May 2014, Armstrong and an entity in which he has an interest (Armstrong RX II GP LLC, referred to hereinafter as "ARX II") purchased from QVL Pharmacy Holdings, Inc. ("QVL Inc.") and QVL Pharmacy #142 GP, LLC ("QVL GP", with QVL Inc. and QVL GP being known collectively as "Sellers") all of Sellers' then outstanding general and Class A ownership interests in QVL Pharmacy #142, LP a Texas limited partnership now known as Armstrong RX II, LP ("#142"). The transaction in which Armstrong and ARX II purchased such ownership interests is referred to hereinafter as "the Purchase Transaction". Armstrong and ARX II were induced to enter into the Purchase Transaction by materially false representations and

omissions from Defendant and Sellers. Defendant and Sellers are, upon information and belief, affiliated entities operating under joint control and supervision. #142 owns and operates a retail pharmacy located in Dallas, Dallas County, Texas.

7. As part of the Purchase Transaction, Defendant and Sellers induced ARX II to execute and deliver to Defendant two separate promissory notes payable to Defendant in the aggregate face amount of $1,500,000, with such amount being subsequently increased to $1,750,000 ("the Notes"). ARX II's execution and delivery of the Notes was induced by materially false representations and omissions from Defendant and Sellers.

8. As part of the Purchase Transaction, Defendant and Sellers also induced Plaintiffs to execute and deliver two separate guaranties ("the Guaranties"), as follows:

   a. Defendant and Sellers induced Armstrong to execute and deliver a Limited Guaranty ("the Armstrong Guaranty") pursuant to which Armstrong guaranteed certain of ARX II's obligations to Defendant, including those in connection with the Purchase Transaction and under the Notes. The Armstrong Guaranty contains an express provision ("the Armstrong Release Clause") which provides that Armstrong "shall be fully released and discharged from his obligations under [the Armstrong Guaranty] and the other [Purchase] Transaction Documents" if Armstrong (1) "fully cooperates with [Defendant] in turning over to [Defendant] all of [Armstrong's] right, title, and interest in the outstanding ownership interest in [ARX II] and [#142], and in causing [ARX II] to turn over all of its assets…[to Defendant]", and (2) takes certain other actions.

   b. Defendant and Sellers induced AGP to execute and deliver a Limited Guaranty ("the AGP Guaranty") pursuant to which AGP guaranteed certain of ARX II's obligations to Defendant, including those in connection with the Purchase Transaction

3

and under the Notes. The AGP Guaranty contains an express provision ("the AGP Release Clause") which provides that AGP shall be released and discharged from all but the principal amount of $75,000 (plus interest and fees) under the Notes if AGP "to the extent able, fully cooperates with [Defendant] in turning over to [Defendant] all of [ARX II's] assets" and takes certain other actions.

Defendant and Sellers induced Plaintiffs to execute and deliver the AGP Guaranty and the Armstrong Guaranty through materially false misrepresentations and omissions.

9.     Plaintiffs have complied with and fulfilled all of their respective obligations under the Armstrong Release Clause and the AGP Release Clause. All conditions precedent to Defendant's performance under the Armstrong Release Clause and the AGP Release Clause have occurred, been fulfilled, or been waived.

## V. CAUSES OF ACTION

### A. Declaratory Judgment

10.    Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 9 hereof.

11.    Plaintiffs are persons interested under, and whose rights are affected by, the Armstrong Guaranty and the AGP Guaranty. Plaintiffs believe that AGP's obligations and liabilities under the AGP Guaranty have been completely released, waived, and discharged under the terms of another agreement between the parties not at issue in this action. Notwithstanding that belief, Plaintiffs also believe and assert that, if AGP is obligated at all under the AGP Guaranty (and Plaintiffs believe that AGP is not obligated at all under the AGP Guaranty and expressly reserve the right to assert in the future that AGP is not obligated at all under the AGP Guaranty), such liability is limited by the terms of the AGP Release Clause.

12. A question therefore exists concerning Plaintiffs' rights under the Armstrong Guaranty and the AGP Guaranty. Pursuant to Tex. Civ. Prac. & Rem. C. 37.004, this Court should render a judgment declaring that (a) Armstrong has complied with and fulfilled all of his obligations under the Armstrong Release Clause, so that Armstrong is fully released and discharged from his obligations under the Armstrong Guaranty, and (b) AGP has fully complied with and fulfilled all of its obligations under the AGP Release Clause, so that AGP's maximum liability under the Notes (as a result of the AGP Release Clause) is limited to the principal amount of $75,000 (plus interest and fees).

## VI. REQUEST FOR DISCLOSURE

13. Plaintiffs request, under Texas Rule of Civil Procedure 194, that Defendant disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

## VII. REQUEST FOR ATTORNEYS' FEES

14. Plaintiffs have been required to retain the services of the undersigned counsel to represent them in this action. Plaintiffs are entitled to recover their attorneys' fees and expenses pursuant to Sections 37.009 of the Texas Civil Practice and Remedies Code and other applicable law. Plaintiffs request that they be awarded their reasonable and necessary attorneys' fees and expenses incurred in pursuing this matter.

## VIII. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that they be granted:

i. The declaratory relief described above;

ii. their reasonable and necessary attorneys' fees and expenses; and

iii.     all other relief to which they may be justly entitled.

                    Respectfully submitted,

**RICHARDS RODRIGUEZ & SKEITH**

816 Congress Avenue, Suite 1200
Austin, Texas 78701
Telephone: 512-391-8256
Facsimile:  512-519-8002

By: _____
BENJAMIN H. HATHAWAY
State Bar No. 09224500
Email: BHathaway@rrsfirm.com

**ATTORNEYS FOR PLAINTIFFS**

6

FILED
DALLAS COUNTY
12/8/2015 12:57:10 PM
FELICIA PITRE
DISTRICT CLERK

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: DC-15-14862     **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** Grant Armstrong and Armstrong RX GP, LLC v. White Winston Select Asset Funds, LLC

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | |
|---|---|
| Name: Benjamin H. Hathaway | Email: bhathaway@rrsfirm.com |
| Address: 816 Congress Ave., Suite 1200 | Telephone: 512-391-8256 |
| City/State/Zip: Austin, Texas 78701 | Fax: 512-519-8002 |
| Signature: /s/ Benjamin H. Hathaway | State Bar No: 09224500 |

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Grant W. Armstrong; Armstrong RX GP, LLC

Defendant(s)/Respondent(s): White Winston Select Asset Funds, LLC

**Person or entity completing sheet is:**
- [X] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract — Debt/Contract**
- [ ] Consumer/DTPA
- [X] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract

**Injury or Damage / Real Property / Related to Criminal Matters / Employment / Other Civil** — none selected

### Family Law — none selected

### Tax / Probate & Mental Health — none selected

## 3. Indicate procedure or remedy, if applicable:
- [X] Declaratory Judgment

## 4. Indicate damages sought:
- [X] Less than $100,000 and non-monetary relief

Rev 2/13

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# *DALLAS DIVISION*

Grant Armstrong and Armstrong RX GP, LLC
Plaintiff

v.

Civil Action No. _____

White Winston Select Asset Funds, LLC
Defendant

## CERTIFICATE OF INTERESTED PERSONS
(This form also satisfies Fed. R. Civ. P. 7.1)

Pursuant to Fed. R. Civ. P. 7.1 and LR 3.1(c), LR 3.2(e), LR 7.4, LR 81.1(a)(4)(D), and LR 81.2,

Defendant, White Winston Select Asset Funds, LLC states that it is Utah Limited Liability Company

provides the following information:

For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"):
***Please separate names with a comma. Only text visible within box will print.***

Lillian-White Investment Company LLC, Board Consulting Group, LLC, and FWW Holdings, Inc.

A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:
***Please separate names with a comma. Only text visible within box will print.***

Lillian-White Investment Company LLC, Board Consulting Group, LLC, and FWW Holdings, Inc.

| | |
|---|---|
| Date: | January 8, 2016 |
| Signature: | /s/ Andrew M. Howard |
| Print Name: | Andrew M. Howard |
| Bar Number: | 24059973 |
| Address: | 901 Main Street, Suite 3300 |
| City, State, Zip: | Dallas, TX 75202 |
| Telephone: | 214-593-9110 |
| Fax: | 214-593-9111 |
| E-Mail: | ahoward@shorechan.com |

**NOTE:** To electronically file this document, you will find the event in our Case Management (CM/ECF) system, under Civil/Other Documents/Certificate of Interested Persons