UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRANT ARMSTRONG and ARMSTRONG RX GP, LLC<br><br>Plaintiffs,<br><br>v.<br><br>WHITE WINSTON SELECT ASSET FUNDS, LLC<br><br>Defendant/Third Party Plaintiff,<br><br>v.<br><br>ARMSTRONG RX II, GP, LLC and ARMSTRONG RX II, LP<br><br>Third-Party Defendants. | Civil Action No. 1:16-cv-10666-MLW |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

The parties in this matter (the "Litigation") have moved for the entry of a Stipulated Protective Order under Fed. R. Civ. P. 26(c) to expedite the exchange of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, to protect Discovery Material entitled to be kept confidential, and to ensure that confidential designations are made only to material so entitled. It is therefore and hereby ORDERED:

**1. Definitions**

    a.   "Discovery Material" means any material produced, filed, served by, or otherwise obtained from any Producing Party during discovery in the Litigation or any information included in such material. Discovery Material may include, but is not

1

812812.1

limited to, deposition testimony and transcripts, answers to interrogatories, documents, and tangible things produced by a Producing Party, however collected or produced (whether under Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

  b. "Producing Party" means any party to this case and/or third-party that produces Discovery Material to any other party to this case in connection with this Litigation.

  c. "Personal Data" means any information concerning an individual which, because of name, social security number, identifying number, mark, or description can be readily associated with a particular individual; provided, however, that such information is not contained in a public record.

  d. "Medical Data" means any information concerning people that is normally subject to the protections afforded such data under state and federal privacy laws, including, without limitation, the federal Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. 1320d; 45 C.F.R. 164.500 et seq.; the federal Medicaid confidentiality provisions, 42 U.S.C. 1396a(a)(7); and the federal alcohol and drug treatment confidentiality requirements, 42 U.S.C. 290dd-2.

  e. "Receiving Party" means any party to this case who receives Discovery Material in the Litigation.

  f. "Confidential Information" means any information that the Producing Party reasonably believes in good faith contains confidential information. For purposes of this Protective Order, Confidential Information may include, without limitation and by way of example, (i) personal and business financial information, (ii) trade secrets and

other sensitive or proprietary business information not otherwise available to the public, (iii) medical records and Medical Data, (iv) social security numbers, (v) Personal Data, (vi) non-public email and residential address information, (vii) non-public telephone numbers, (viii) information subject to confidentiality restrictions imposed by Court order, government laws or regulations, or agreement with third parties, and/or (ix) other types of documents and tangible things that a party reasonably believes in good faith are entitled to confidential treatment under applicable law.

g.   "Confidential Discovery Material" means any Discovery Material that contains Confidential Information and is stamped or labeled "CONFIDENTIAL" in a way that brings its attention to a reasonable examiner and does not interfere with the legibility of the material, or, in the event that such Discovery Material is disclosed in a form not appropriate for such placing or affixing, is designated in writing as Confidential Information at the time it is delivered to the Receiving Party.  For electronically stored Discovery Material, the designation of material as "CONFIDENTIAL" shall appear in an appropriately designated database field.  In addition, each hard drive, disk, or other physical item containing native files or electronically-stored information shall be marked to indicate that it contains Confidential Discovery Material.

h.   "Designating Person" means any Producing Party who designates Discovery Material as Confidential Discovery Material.

i.   "Objecting Party" means any party that objects to the designation of any Discovery Material as Confidential Information in accordance with Paragraph 7 herein.

**2.   Non-Disclosure of Confidential Discovery Material**

Except with the prior written consent of the Producing Party originally designating Discovery Material as Confidential Discovery Material, no Confidential Discovery Material may be disclosed to any person or used in any manner except as provided herein.

**3. Use of Discovery Material**

Without the prior written consent of the Producing Party, Discovery Material produced or furnished in the Litigation by any person shall not be used by the Receiving Party for any purpose other than the Litigation, including appeals. This provision shall not apply to any Discovery Material that is or was publicly available or obtained by the Receiving Party independently of formal discovery in the Litigation or that has been filed in an unsealed Court filing.

**4. Material Entitled to Confidential Designation**

By designating Discovery Material as Confidential Discovery Material within the meaning of this Stipulated Protective Order, a Designating Person attests and represents that such Discovery Material: (a) contains Confidential Information; and (b) may be subject to a protective order under Fed. R. Civ. P. 26(c)(1)(G) or may be required by statute to be kept confidential.

**5. Use and Disclosure of Discovery Material Designated as Confidential Discovery Material**

a. Unless otherwise ordered by a court, administrative agency, or other governmental or regulatory body of competent jurisdiction, or otherwise expressly provided in this Stipulated Protective Order, Confidential Discovery Material may be used only in connection with the Litigation. Except upon the prior written consent of the

Producing Party or as otherwise expressly provided in this Stipulated Protective Order, Confidential Discovery Material may be disclosed only to the following persons:

 i. Counsel of record, including in-house counsel, and any other counsel for the Parties in this Litigation, members of their firms and associates, paralegals, legal assistants, and other regular employees of such counsel who are assisting in the course of the Litigation;

 ii. The Court, its staff, and court officials involved in the Litigation (including court reporters and clerks), and any Special Master appointed by the Court and his or her staff;

 iii. Deponents, during the course of their depositions, if the attorney making such disclosure obtains a signed copy of the Agreement to Abide by Stipulated Protective Order, attached as *Exhibit* A from that deponent, but only to the extent such deponents are shown Confidential Discovery Material to which they have not authored, sent, or received in the regular course of their business duties.

 iv. Mediators chosen by or for the parties in the Litigation provided such persons sign the Agreement to Abide by Stipulated Protective Order, attached as *Exhibit A*;

 v. Any person designated by the Court in the interests of justice upon such terms as the Court may deem proper by Order noticed to the parties;

 vi. Witnesses in preparation for deposition or at deposition, but only in connection with their testimony in the Litigation and provided that each such

witness signs the Agreement to Abide by Stipulated Protective Order, attached as *Exhibit A*;

vii.   Named parties, including any officers, directors, employees or agents of the named parties as counsel require in good faith to provide assistance in the course of the Litigation, including any parties that are made part of the Litigation;

viii.   Third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data in the Litigation, including the performance of litigation support, exhibit, or graphic design services;

ix.   Third-party contractors engaged in one or more aspects of recording, organizing, filing, converting, storing, or retrieving data in the Litigation in connection with any deposition taken in connection with the Litigation.

x.   Any person reflected as an author, addressee, or recipient of the Discovery Material designated as Confidential Discovery Material; and

xi.   Experts, consultants, or advisors employed by or retained by counsel for the Litigation, provided that each expert signs the Agreement to Abide by Stipulated Protective Order, attached as *Exhibit A*.

**6. Confidential Discovery Material in Depositions and Responses to Discovery**

a.   Subject to paragraph 5(a)(vi) above, a party's counsel may show Confidential Discovery Material to any deposition witness who is the Producing Party or a corporate parent, subsidiary, affiliate, officer, director, employee, partner, agent,

consultant, attorney or expert of the Producing Party, or who is represented in this Litigation by counsel for the Producing Party.

      b.      Parties and deponents may, within ten (10) business days after receiving a transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential Discovery Material to the extent they contain material or information entitled to protection (as defined in Paragraph 4, above).  Such Confidential Discovery Material within the deposition transcript may be designated only by marking pages that contain confidential information and placing on such pages the legend: "CONFIDENTIAL." Until the expiration of the 10-business-day period during which designations may be made, the entire deposition transcript and exhibits will be treated as subject to the protection as Confidential Discovery Material under this Order. If a designation is made, the pages and exhibits designated as Confidential Discovery Material, if filed, shall be filed under seal pursuant to the procedures identified in Paragraph 10, separate from the pages and exhibits not so marked. If any depositions are videotaped, those portions of the videotape corresponding to pages of the deposition transcript designated as Confidential shall be afforded the same status.  Subject to Paragraph 8, herein, the failure to designate any page of a transcript as Confidential in accordance with the terms of this paragraph shall constitute a waiver of any confidentiality of that page.

      c.      If Confidential Discovery Material (as defined in Paragraph 4 above) is included in written answers to discovery requests of any kind, such answers or responses shall be marked "CONFIDENTIAL."

**7. Declassification of Confidential Discovery Material**

Nothing in this Stipulated Protective Order shall be construed to indicate that any information is in fact entitled to treatment as Confidential Discovery Material on the grounds simply that it is marked as such. The parties shall not be obligated to challenge the propriety of a "Confidential" designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Discovery Material as Confidential Discovery Material under this Stipulated Protective Order, the Objecting Party shall notify the Producing Party in writing. Within five (5) business days of the receipt of such notification, counsel for the Producing Party shall attempt to initiate a meet and confer conference pursuant to Local Rule 37.1. If, for whatever reason, the parties do not resolve their disagreement after meeting and conferring pursuant to Local Rule 37.1, the Objecting Party may apply to the Court within ten (10) calendar days from the date the parties conclude their meet and confer (or from the date of receipt of notification if no meet and confer is conducted) for a ruling on the Producing Party's designation of the Discovery Material as Confidential Discovery Material.  While any such application is pending, and until such time as there is a final court order declaring the Discovery Material in question to be Confidential Discovery Material, the documents or materials subject to that application will be treated as Confidential Discovery Material.  If the Objecting Party does not apply to the Court for a ruling on the Producing Party's designation of Discovery Material in question to be Confidential Discovery Material within the time periods set forth above, the Discovery Material in question will retain its designation as Confidential Discovery Material. In any proceeding to determine the validity of a designation of Discovery Material as Confidential Discovery Material, the Producing Party shall have the burden of proving by

a preponderance of the evidence that the Discovery Material in question is Confidential Discovery Material as defined in Paragraph 4 of this Order.  Nothing in this Stipulated Protective Order shall be construed as preventing any party from objecting to the designation of any Discovery Material as Confidential Discovery Material or preventing any party from seeking protection for any Discovery Material.

**8. Inadvertent Failure to Designate**

    a.    A Producing Party may notify the Receiving Party(ies) that Discovery Material that should have been designated as Confidential Discovery Material under the terms of this Order was inadvertently produced without being designated as such. Immediately upon discovery of the inadvertent production without designation of Discovery Material, the Producing Party shall re-mark the Confidential Discovery Material as CONFIDENTIAL in accordance with this Stipulated Protective Order and re-serve on the Receiving Party(ies) within five (5) business days.  Upon receiving such notice from the Producing Party, the Receiving Party(ies) shall immediately treat the Discovery Material as if it had been so properly designated as Confidential Discovery Material and return the non-designated Discovery Material to the Producing Party upon receipt of the Confidential Discovery Material properly designated.  No party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, the relevant documents or materials shall be treated as Confidential Discovery Material in accordance with this Order, provided, however, that, if the Discovery Material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record,

the Producing Party who failed to make the designation shall, if so advised, move for appropriate relief. The Receiving Party may challenge any late designation of Discovery Material as Confidential Discovery Material under the procedures set forth in Paragraph 7.

  b. If an inadvertently omitted "Confidential" designation is first claimed during the course of a deposition, hearing, or other court proceeding, the subject Discovery Material may be used throughout that deposition, hearing, or proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter. The Receiving Party may challenge any late designation of Discovery Material as Confidential Discovery Material under the procedures set forth in Paragraph 7.

**9. Privileged Discovery Material**

  a. If a Producing Party determines that it has inadvertently produced documents or materials that are subject to a claim of privilege or immunity, or otherwise protected from disclosure, the Producing Party shall inform counsel for the Receiving Parties of the inadvertent production in writing, and counsel for the Receiving Parties shall take reasonable steps to ensure that all known copies of any such documents are promptly returned to the Producing Party. Inadvertent production of privileged or otherwise protected Discovery Material will not be deemed to have waived any privilege.

  b. In the event that only part of the document is claimed to be privileged or protected, the Producing Party shall furnish redacted copies of such document, removing only the part(s) thereof claimed to be privileged or protected. Upon receipt of the redacted copy, the Receiving Party, absent a challenge under subsections (c) and (d) of

this paragraph, shall promptly return all unredacted copies to the Producing Party in accordance with this paragraph.

      c.     If the Receiving Party contests the Producing Party's designation of privilege as to any purportedly inadvertently produced material, the Receiving Party shall retain all copies of the document under dispute segregated from other documents in a file marked "INADVERTENT PRODUCTION—PRIVILEGE DISPUTED." The Producing Party shall then have ten (10) business days after such challenge in which to initiate a meet and confer pursuant to Local Rule 37.1. If the parties fail to resolve any dispute after meeting and conferring, the Producing Party shall promptly file a motion seeking recovery of the privileged document. Neither the purported inadvertently produced privileged document nor any of its contents shall be used, disclosed, or referred to for any purpose until the motion is decided or the time for filing such motion has passed and no motion has been filed, except that (i) the purportedly privileged document may be filed by any party with the Court under seal for in camera review and, (ii) if the contents of the document are relevant to the Court's determination, either party may also refer to the contents in its motion or related brief, provided that the motion and brief are also filed under seal and not disclosed to others. A Producing Party's failure to make a timely motion after being informed of the challenge shall be deemed a waiver of any attorney-client privilege for that particular document, without prejudice to any party's right to argue that the waiver does or does not qualify as a subject matter waiver.

**10. Filing Confidential Discovery Material**

      a.     *Filing Under Seal*: Except as otherwise set forth in subsection 10(b), those portions of pleadings, motions, affidavits, briefs, exhibits, and other papers filed with or

submitted to the Court that contain Confidential Discovery Material shall be filed separately under seal. The Parties agree to follow the procedures set forth in Local Rule 7.2 in connection with the impoundment and filing under seal of any Confidential Discovery Materials.

      b.    Except at trial, prior to using any Discovery Material designated as Confidential Discovery Material in open court, counsel shall confer regarding such procedures as are necessary to protect the confidentiality of the subject Discovery Material.

**11. Confidential Documents and Materials at Trial**

No fewer than thirty (30) days before the date upon which the parties are directed to submit a Joint Pretrial Order in this case, the parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of Confidential Discovery Material at trial. Such proposal shall be submitted to the Court as a part of, or contemporaneously with, the Joint Pretrial Order. To the extent the parties fail to agree on a proposal addressing the use of Confidential Discovery Material at trial, they may submit alternative proposals to the Court. Neither this Order nor any designation of confidentiality shall affect the admissibility into evidence of the information so designated.

**12. Further Requests for Production**

If, at any time, any Confidential Discovery Material in the custody, possession, or control of any person other than the Producing Party who originally produced such material is requested by any court or other tribunal to disclose such material, or is subpoenaed by any court, administrative agency, legislative body or other person or

entity, the person or party to who the subpoena or request is directed shall provide written notice to the Producing Party who originally produced the Confidential Discovery Material within five (5) business days, and shall provide that Producing Party five (5) business days thereafter to respond to the subpoena or request, but shall otherwise comply, as required by law, with the subpoena or request.

**13. Miscellaneous**

By this Order, no party here to shall be deemed to have waived its right to assert that any particular document should or should not be accorded treatment as Confidential Discovery Material, so long as such rights are asserted in accordance with the terms of this Order. For purposes of computing any time period under this Order, Fed. R. Civ. P. 6 shall apply unless otherwise specified. This Order may be executed in counterparts.

**14. Termination**

The provisions of this Order shall continue to be binding after final termination of the Litigation. Within one hundred and twenty (120) days after the final conclusion of all aspects of the Litigation, including any appeals, any party or person who received Confidential Discovery Material must, at the option of the Receiving Party, (i) return such documents and materials to the Producing Party or (ii) certify in writing to counsel to the Producing Party that the Receiving Party has destroyed the Confidential Discovery Material other than counsel's copies of exhibits filed under seal with the Court, counsel's file copies of papers prepared by counsel in connection with this Litigation, e.g., pleadings, court papers, discovery requests and responses, and other papers filed or served in the Litigation, and counsel's file copies of deposition and trial transcripts (with or without exhibits marked, used, or entered therein).

**15. Consent to Jurisdiction**

Any party receiving any Confidential Discovery Material in accordance with any provision of this Order hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

**16. Additional Parties**

The terms of this Order shall be binding upon all current and future parties to the Litigation and their counsel. Within ten (10) days of (i) the entry of an appearance by a new party in this Litigation or (ii) the transfer of a complaint that arises out of the same or similar facts alleged in the complaints in the Litigation, counsel shall serve a copy of this Order on such party's counsel.

**17. Use of this Order**

Neither this Order nor the existence of such nor any designation of Discovery Material as Confidential Discovery Material shall be offered or admitted into evidence at jury trial or argued or disclosed to any jury in the Litigation.

**18. Scope of Discovery**

Nothing in this Order is intended to constitute an agreement regarding the scope of discovery.

**19. Use of Own Information**

Nothing herein shall impose any restriction on the use of or disclosure by a party of its own information or from disclosing a document containing Confidential Discovery Material to any natural person who the document clearly identifies as an author, addressee, or carbon copy recipient of such document. Nor shall this Order be construed

to prevent any party or its counsel or their retained outside experts and consultants and litigation support vendors from making use as they see fit of information that was lawfully available to the public or lawfully in the possession of the party, counsel or expert independent of any disclosure of Confidential Discovery Material in the Litigation, or Discovery Material not previously designated as Confidential Discovery Material. In the event, however, that a non-party provides Discovery Material that was generated by a party to this Order and that non-party believes that the Discovery Material should be designated as Confidential Discovery Material, the non-party may request that all copies of such Discovery Material be stamped "Confidential" in accordance with Paragraph 1(d) or (f), provided that the non-party was acting within the scope of his or her employment or agency for the party when he or she obtained such Confidential Discovery Material from the party (or an affiliate or subsidiary thereof) and such designation is consistent with the terms of this Order. If the parties to this Order disagree concerning the proper designation of such Discovery Material, their dispute shall be resolved pursuant to the procedures described in Paragraph 7 of this Order. Pending the Court's ruling, the party contesting the requested designation shall treat the Discovery Material as if the requested designation were proper and effective.

**20.  HIPAA Compliant Protective Order**

The Parties agree that this Stipulated Protective Order constitutes a qualified protective order under HIPAA, and regulations promulgated thereunder, for purposes of governing permitted disclosures of protected health information in the Litigation.

Dated: March 28, 2017

*STIPULATED AND AGREED TO BY:*

| | |
|---|---|
| DAVIS MALM & D'AGOSTINE, P.C. | MCCARTER & ENGLISH, LLP |
| /s/ Patrick T. Clendenen | /s/ David M. Ianelli |
| Patrick T. Clendenen (BBO #564165) | David M. Ianelli (BBO #567274) |
| Robert M. Kaitz (BBO #681917) | Nicholas Allen (BBO #663409) |
| One Boston Place | 265 Franklin Street |
| Boston, MA 02108 | Boston, MA 02110 |
| 617-367-2500 (telephone) | 617-449-6500 (telephone) |
| 617-523-6215 (facsimile) | 617-607-9200 (facsimile) |
| pclendenen@davismalm.com | dianelli@mccarter.com |
| rkaitz@davismalm.com | nallen@mccarter.com |
| **For Grant Armstrong; Armstrong RX GP, LLC; Armstrong RX II GP, LLC; and Armstrong RX II, LP** | **For White Winston Select Asset Funds, LLC** |

**SO ORDERED:**

Dated this __ day of _____, 2017        _____
THE HONORABLE JUDITH G. DEIN
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS

812812.1

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the Court's CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 28, 2017.

                                                  */s/ Robert M. Kaitz*
                                                  Robert M. Kaitz

812812.1

## EXHIBIT A

### AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____, hereby acknowledge and agree that:

1. I have read the foregoing Stipulated Protective Order dated _____, 2017, which I am informed has been entered in *Armstrong, et al. v. White Winston Select Asset Funds, LLC,* No. 1:16-cv-10666-MLW (D. Mass.);

2. I understand the terms of the Stipulated Protective Order;

3. I agree, upon threat of penalty of contempt and other civil remedies, to be bound by such terms; and

4. I shall irrevocably submit my person to any Court of competent jurisdiction for the limited purpose of securing compliance with the terms and conditions of the Stipulated Protective Order.

Dated: _____

_____
SIGNATURE

_____
PRINTED NAME

_____
ADDRESS