```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

GRANT ARMSTRONG ET AL            . CIVIL NO. 16-10666-JGD
      Plaintiffs                 .
                                 .
             V.                  . BOSTON, MASSACHUSETTS
                                 . MAY 17, 2017
WHITE WINSTON SELECT ASSET FUNDS LLC .
      Defendant                  .
. . . . . . . . . . . . . . . . . .

                    TRANSCRIPT OF MOTION HEARING
                BEFORE THE HONORABLE JUDITH G. DEIN
                    UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

DAVIS, MALM & D'AGOSTINE, P.C.
Patrick T. Clendenen, Esq.
One Boston Place, 37th Floor
Boston, MA  02108
617-589-3878
pclendenen@davismalm.com


McCARTER & ENGLISH, LLP
Nicholas W. Allen, Esq.
265 Franklin Street
Boston, MA  02110
617-449-6505
nallen@mccarter.com




Court Reporter:

Proceedings recorded by electronic sound recording, transcript produced by transcription service.


*MARYANN V. YOUNG*
**Certified Court Transcriber**
**Wrentham, MA  02093**
**(508) 384-2003**

1   (Court called into session

2   (11:36:27 AM)

3           MR. ALLEN:  We file an ESI protocol and to begin

4   document productions on a rolling basis.  Based on where

5   negotiations stood at that point with respect to the ESI

6   order, we believed and understood that that would happen

7   promptly.  We had been negotiating the ESI order with

8   plaintiff's counsel for a period or months and from our

9   perspective all the material terms of the ESI order had

10  been agreed to.  Prior to that hearing, we had raised one

11  final issue with respect to the key word search terms but

12  that issue was resolved at the hearing on April 13th.  So

13  when the hearing was done, we fully expected the ESI order

14  would be promptly filed and we could move on to the next

15  phase of the case of discovery which would be document

16  productions.  Obviously that did not happen and that's why

17  we're here today.

18          After the hearing, about 10 or 11 days later we

19  received from plaintiff's counsel another red line of the

20  ESI order, this time adding additional changes to what we

21  believed had already been the final body of the agreement.

22  We responded immediately and said two or three changes are

23  fine, two of them we have a problem with, we do not agree,

24  we cannot agree.  Our belief was that the new proposed

25  language did two things.  It attempted to override our

1  discovery objections which had been on the table for
2  months and which we had discussed at the hearing on the
3  13th and it also attempted to circumvent your order that an
4  ES, ESI protocol be filed and the document productions
5  begin immediately on a rolling basis.  We countered with
6  some language that trapped your scheduling order from
7  April 14th to clarify what they were trying to put in and
8  that was rejected.  So what we did is we filed a request
9  for a hearing on Friday.  We've attached as exhibits to
10 our request and that the competing ESI order is at this
11 point Exhibit A is White Winston's propo, most recent
12 draft of a proposed protocol.  Exhibit B is the
13 plaintiff's most recent draft protocol.  I mean you can
14 see from those two documents that really all of the
15 material terms have been agreed to.  The only dispute now
16 is concerning the newly proposed language that we received
17 for the first time from plaintiff's counsel on April 24th
18 or 25th, a few weeks after the April 13th hearing.
19         So let me just explain.  We made this point
20 clear at the April 13th hearing that we believe that all
21 material terms of this particular ESI order have been
22 agreed to.  We've agreed to the search terms.  We've
23 agreed to the custodians.  We've agreed to the metadata
24 fields.  We've agreed to the format for ESI productions.
25 We've agreed who the individuals will be who will submit

1  their handheld devices for inspection.  The list goes on
2  and on.  So all of the terms necessary for a functioning
3  ESI protocol have been agreed to.  What we cannot agree to
4  is the new language proposed for the first time after the
5  last hearing that we believe seeks to override our
6  discovery objections and creates really a bigger issue
7  than is needed with respect to the ESI order itself.  So
8  we're proposing that a clean version of our Exhibit A to
9  the request for hearing be filed and entered as the
10 controlling ESI order.
11          THE COURT:  So the language though, so we're
12 really talking about paragraph 23 in your draft?
13          MR. ALLEN:  It's, it's paragraph 1 and paragraph
14 23 and, frankly, it's our position that we don't even need
15 any of that language, but if it's going to be in there, it
16 should better track the directions you gave us in the
17 April 14th scheduling order.
18          THE COURT:  But the issue becomes if I'm reading
19 the plaintiff's memo from this morning correctly, or last
20 night, is their concern about the production itself?
21          MR. ALLEN:  We haven't even got to that--
22          THE COURT:  Now maybe we don't need to get to
23 that because--
24          MR. ALLEN:  We haven't even got to the
25 production itself--

1         THE COURT: --first we have to get the protocol

2 in place.

3         MR. ALLEN: --because we don't have an ESI

4 protocol.

5         THE COURT: But what is--

6         MR. ALLEN: I think what they're trying to do is

7 turn this ESI issue into something much more complicated

8 like a motion to compel even though we haven't produced

9 any documents yet and even though we've never meet, met

10 and conferred on these specific objections, I think we're

11 putting the cart before the horse here. The first thing

12 that needs to happen to undo this log jam is for the ESI

13 order to be filed and approved by the Court so we can move

14 on to the document productions consistent with your order

15 from the 14th.

16         THE COURT: All right, but their objection is

17 that once you get onto the production part of this, that

18 you're going to be fighting over piecemeal, what

19 constitutes the appropriate rolling production.

20         MR. ALLEN: Well, well we haven't, we don't know

21 what that's going to be yet because we haven't even begun

22 the rolling production, but we anticipate collecting,

23 identifying and reviewing all the ESI immediately in

24 beginning those productions. If we withhold documents

25 based on objections which we believe we're entitled to do

1  under the scheduling order, we're going to notify them of

2  what's going on.  We will, you know, we will explain the

3  objections and what's going, but we don't even know that

4  yet cause we haven't begun that process.

5         THE COURT:  Okay.

6         MR. ALLEN:  So we need to move past this step to

7  even get to the document productions.

8         THE COURT:  All right.

9         MR. CLENDENEN:  Thank you, Your Honor, Pat

10 Clendenen again.  This has been going on for a long time

11 and Mr. Ianelli and Mr. Allen and I, my colleague here

12 have gotten along fine, but from the outset of this case,

13 from the very first scheduling conference before Your

14 Honor, this is something that I've identified and put on

15 the table very plainly.  It is that we want to do this

16 once.  We want to do it fully, fairly and proportionately

17 so I proposed the order.  It took till the New Year for us

18 to even hear back from them, the first response back from

19 them.  So this is a pattern, Your Honor, that's been going

20 on from the outset.  I'm, I'm going to try to be fair.

21 The first log jam so to speak was they objected to even

22 using search terms.  They objected to even using

23 custodians.  I heard from Mr. Ianelli, who's not here

24 today, but Mr. Allen's been on all the phone calls that

25 this is a loan file case like many of the cases that you

1  and I have discussed, Your Honor, you know, consumer
2  mortgage, we got a loan file, you know, produced the loan
3  file.  It's like, no, this is not a loan file case.  I
4  know what a loan file case is.  This is not paper
5  discovery.  This is very complicated accounting.  Lots of
6  emails.  Lots of interrelated parties.  So we need search
7  terms of custodians.  I got feedback from Mr. Allen and
8  Mr. Ianelli that striking things like reasonable
9  proportional from the proposed ESI order and Mr. Allen's
10 like, yeah that's right.  That's part of the new rule.  So
11 this has been going on for a long time.  The search terms
12 and the custodians, we finally got their search terms back
13 from them and this is when we really got, we really smoked
14 it out.  You know, in my view they were, you know, we
15 really saw what they were thinking, when their search
16 terms came in with this phase discovery approach okay, and
17 so they said we'll do these search terms first and we'll
18 do these search terms second and we said no.  We're doing
19 one set.  We're doing this once.  Obviously if we need to
20 go back because it's incomplete, that's part of our
21 obligation under the rules and as officers of the court,
22 but we're going to do this once, okay, and we finally got
23 that.  We objected strenuously to the, to the notion that
24 they were in control of when the search terms were going
25 to happen, and I pointed out very specifically that Your

8

1   Honor at the first scheduling conference gave Mr. Ianelli

2   a very open opportunity to convince you at this stage

3   subject to the motion to dismiss that any discovery should

4   be stated, and you said very clearly on the record that,

5   you know, I understand you have your objections, but

6   there's going to be no discovery carved out here.  You're

7   not convincing me, and again at the last hearing that we

8   had on our motion to amend, to file the second amended

9   complaint.  Same thing, okay.  They've had all the

10  opportunity in the world to convince Your Honor that there

11  should be some kind of carve out or even that they have

12  the discretion to interpret what's pertinent to any of our

13  declaratory judgment claims or their counterclaims and so

14  I asked my colleague to, to list out their counterclaims,

15  and they're incredibly broad.  It's not, it's not a fight

16  about whether the good guy clause was breached or not,

17  that's part of our deck action that's going to continue on

18  in the case.  You've identified that from the beginning,

19  Your Honor, but they have, they have very broad ranging

20  counterclaims including breach of contract, that the

21  plaintiff's breached the loan agreement by defaulting on

22  payments owed.  This is on the – (unintelligible -

23  #11:45:58 AM).

24            THE COURT:  Okay, but tell me, do me a favor

25  because unfortunately I think that the beauty of having

1  you confer and narrow the issues is that you have that
2  fight among yourselves and then I don't have to know about
3  it,--
4         MR. CLENDENEN:  Right, right.
5         THE COURT:  --but I'm here with what the drafts
6  are now.
7         MR. CLENDENEN:  Yeah, okay.
8         THE COURT:  What is the concern on the language
9  that they proposed?  I don't, I had a hard time figuring
10 out where the differences were.
11        MR. CLENDENEN:  Well I think, Your Honor, we
12 asked them a number of times in the emails that whether or
13 not they were going to take the position that they, they
14 had the ability unilaterally to withhold any documents.  I
15 think the rolling productions no objection to.  I think
16 the language largely in the order, the ESI order and the
17 search terms, now that they've backed off of the phased
18 approach is fine, but they still have wiggle room in this
19 order because, you know, words matter, but what they do
20 with the words is even more important.  So if they're
21 going to say they're going to stand on their 31 objections
22 to our 31 objections to our request for production
23 documents and the seven objections they have for
24 interrogatories based on this pending motion to dismiss,
25 that very much concerns me.

10

1    THE COURT:  But I got a lot of concerns about
2 moving this case forward, but they have agreed as I
3 understand this proposal, you've agreed on all the search
4 terms not excluding certain terms because of the pending
5 motion to dismiss, right?  Like the search terms cover the
6 whole case, right?
7    MR. ALLEN:  That's right, Your Honor, we've
8 agreed and we agreed at the last hearing to run those
9 search terms.
10    THE COURT:  And the custodians cover the whole
11 case.
12    MR. ALLEN:  That's correct.
13    THE COURT:  All right, so the search for
14 responsive documents assumes that the motion to dismiss is
15 denied, right?  Fundamentally, or the same issues are
16 coming up regardless of whether or not the motion to
17 dismiss is denied.  So it seems to me that the search
18 you've agreed, and I gather through a lot of hard work,
19 but you have agreed as to that happening.  It seems to me
20 we need to get that started and then we need to have them
21 identify if you're withholding classes of documents
22 related to the pending motion.
23    MR. CLENDENEN:  Right--
24    THE COURT:  Okay?
25    MR. CLENDENEN:  --and I think, I think that the

1   issue for us is that at the bottom of pa, paragraph 1 it
2   says if necessary the party shall notify the court when
3   they are approaching the end of document production
4   relating to issues that are not subject to White Winston's
5   motion to dismiss the second amended complaint.  So that's
6   why I say words matter okay, because we understand what
7   their objections are.  We understand what are, are Count 1
8   of our declaratory judgment action is.  We understand that
9   their counterclaims are.  They're extremely broad and
10  we've repeatedly tried to get clarification from them
11  about how that can be used and potentially abused.
12          THE COURT:  But this it seems to me is exactly
13  what you need or at least I thought it was what you needed
14  when I ordered it because this is a specific
15  identification of what's being withheld.  I mean this says
16  we're producing all of this stuff and boom we've hit a
17  wall.  We think that the following documents or categories
18  of documents are related only to the issues that are
19  subject to the pending motion to dismiss.  That seems to
20  me that that tees it up for me.
21          MR. CLENDENEN:  That would be fair, Your Honor,
22  but they're not saying that.  They're saying they're going
23  to search and they're going to collect.  They don't say
24  they're going to produce everything subject to these
25  searches, they say they're going to search and collect and

12

1  then make a unilateral decision about what they produce.
2  They're not going to just roll it all out.
3          THE COURT:  All right.  I've already ruled that
4  this is going to be a rolling production.  The point of
5  that was that it would roll faster not slower, all right.
6  So I am going to do a rolling, I'm keeping the rolling
7  production here.  I will make it clear whether you need to
8  include it in here or not, that if documents are being
9  withheld on the basis that they are only related to unique
10 issues raised by the motion to dismiss that those need to
11 be specifically identified.  Okay?
12         MR. CLENDENEN:  That's fair, Your Honor.  Thank
13 you.
14         THE COURT:  All right, so can you incorporate
15 that language into a draft and send it to me and I will
16 sign this?
17         MR. ALLEN:  Yes, Your Honor.
18         THE COURT:  Okay?
19         MR. CLENDENEN:  Yes, Your Honor.
20         THE COURT:  Anything else?
21         MR. CLENDENEN:  No, Your Honor.
22         THE COURT:  Okay, good.  Thank you.
23         MR. CLENDENEN:  Thank you, Your Honor.
24         MR. ALLEN:  Thank you, Your Honor.
25 (Court adjourned)

13

1      CERTIFICATION

2      I, Maryann V. Young, court approved transcriber,

3 certify that the foregoing is a correct transcript from

4 the official digital sound recording of the proceedings in

5 the above-entitled matter.

6

7 /s/ Maryann V. Young          May 25, 2017

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25