## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GRANT ARMSTRONG and<br>ARMSTRONG RX GP, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WHITE WINSTON SELECT ASSET<br>FUNDS, LLC | ) | |
| | ) | Civil Action No. 1:16-cv-10666-JGD |
| Defendant/Third-Party<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARMSTRONG RX II, GP, LLC and<br>ARMSTRONG RX II, LP | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES AND RESERVATION OF
COUNTERCLAIM AND THIRD PARTY COMPLAINT OF DEFENDANT
AND THIRD PARTY PLAINTIFF WHITE WINSTON SELECT ASSET
FUNDS, LLC**

White Winston Select Asset Funds, LLC ("***White Winston***") hereby answers

or otherwise responds to the Third Amended Complaint [Dkt. 116] ("***TAC***") as follows:

White Winston denies the averments in the unnumbered, introductory

paragraph of the TAC.  Further, White Winston answers or otherwise responds to the

correspondingly numbered paragraphs of the TAC as follows:

1.    Admitted.

2.    Admitted.

3.      White Winston denies that it is organized under the laws of the State of Utah, with a principal place of business at 2150 South 1300 East, Suite 500, Salt Lake City, Utah 84106.   White Winston admits the remaining averments of paragraph 2 of the TAC.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Denied.

10.      White Winston lacks information and knowledge sufficient to form a belief as to the truth of the averment in paragraph 10 of the TAC that "[a]t all times relevant to the Plano Purchase Transaction, Armstrong and AGP's only contact at White Winston was Todd Enright." White Winston admits the averment in paragraph 10 of the TAC that Mr. Enright is a co-founder of White Winston.   White Winston denies all remaining averments in paragraph 10 of the TAC.

11.      White Winston admits the averment in paragraph 11 of the TAC that Armstrong and AGP signed a personal guaranty, a security agreement, a pledge of the acquired interests in AGP and an escrow agreement for those pledged security interests.   White Winston denies the averment in paragraph 11 of the TAC that Armstrong and AGP were required to sign any documents and avers they signed all documents of their own free will and accord, without any duress by White Winston or

any person or entity affiliated with White Winston.  White Winston denies all remaining averments in paragraph 11 of the TAC.

12.    White Winston admits the averments in the first sentence of paragraph 12 of the TAC that "White Winston was represented in the Plano Purchase Transaction . . . by McCarter & English."  White Winston admits the averment in the second sentence of paragraph 12 of the TAC that Armstrong and AGP deposited security interest certificates of AGP with McCarter & English under and Escrow Agreement by and between Armstrong, AGP, White Winston, and McCarter & English, dated January 23, 2014 ("***Escrow Agreement***")" and the averments in the third sentence of paragraph 12 of the TAC.  White Winston denies the averments in paragraph 12 of the TAC that Armstrong and AGP were required to sign any documents and avers they signed all documents of their own free will and accord, without any duress by White Winston or any person or entity affiliated with White Winston.  White Winston denies all remaining averments in paragraph 12 of the TAC.

13.    White Winston admits the averments in the first sentence of paragraph 13 of the TAC that "[a]s part of the Plano Purchase Transaction, Armstrong and AGP [signed] the Plano TSA, under which the insurance reimbursements for prescriptions filled at the Plano Pharmacy would be paid into a 'lockbox account' – located at a bank in Boston, Massachusetts and controlled by White Winston."  White Winston denies the averments in paragraph 13 of the TAC that Armstrong and AGP were required to sign any documents and avers they signed all documents of their own free will and accord, without any duress by White Winston or any person or entity affiliated with

White Winston.  White Winston denies all remaining averments in paragraph 13 of the TAC.

14.     White Winston admits the averment in paragraph 14 of the TAC that it provided the funding for Armstrong and AGP to make the Plano Purchase Transaction.  White Winston denies all remaining averments in paragraph 14 of the TAC.

15.     Denied.

16.     Denied.

17.     White Winston lacks information and knowledge sufficient to form a belief as to the trust of the averment in paragraph 17 of the TAC that "[a]round this time, Armstrong reached out to a potential business partner about opening a pharmacy in Dallas, Texas."  White Winston admits the averments in paragraph 17 of the TAC that it issued a notice of default to Armstrong and AGP – because they defaulted -and that a meeting occurred between Armstrong and Enright to discuss the purchase by Armstrong of the Dallas Pharmacy.  White Winston denies all remaining averments in paragraph 17 of the TAC.

18.     White Winston denies the averments in paragraph 18 of the TAC, except as follows:

   a.  White Winston admits that "[d]uring the meeting, Armstrong agreed that he would move forward on the purchase of the QVL Dallas pharmacy."

   b.  White Winston admits that Enright promised that White Winston would

4

include and honor a "good guy" clause in Armstrong's guaranty, and avers it did include and honor such a clause.

    c. White Winston admits the averment in paragraph 18 of the TAC that "Armstrong would have access to a $500,000 line of credit from White Winston" and avers Armstrong received and used the proceeds of a $500,000 line of credit from White Winston in accordance with the terms of the applicable agreement governing use of proceeds.

19.    Denied.

20.    Denied.

21.    White Winston denies the averments in paragraph 21 of the TAC, except as follows:

    a. White Winston admits QVL was in arrears to ABC;

    b. White Winston admits QVL's default impaired the ability of QVL pharmacies to secure adequate inventory for their operation;

    c. White Winston admits McCarter & English represented White Winston at all relevant times prior to the commencement of this civil action.

22.    Denied.

23.    Denied.

24.    Denied.

25.    White Winston denies the averments in paragraph 25 of the TAC, except White Winston admits the averment that in March 2014 Armstrong, AGP and White Winston agreed to a written forbearance agreement.

26.    Denied.

27.    White Winston denies the averments in paragraph 27 of the TAC, except as follows:

    a.  White Winston admits the averment that In May, 2014, Armstrong and AGPII purchased from the Dallas Sellers the Dallas Pharmacy.

    b.  White Winston admits the averment that McCarter & English represented White Winston in the Dallas Purchase Transaction.

28.    White Winston denies the averments in paragraph 28 of the TAC, except as follows:

    a.  White Winston admits the averment that "[u]pon the consummation of the Dallas Purchase Transaction, Armstrong and AGP II owned a 50.5% ownership interest in the Partnership, consisting of a 49.5% Class A limited partnership interest and a 1% general partnership interest.

    b.  White Winston admits the averment that QVL Equity Holding Group, LLC acquired a 49.5% Class B limited partnership interest.

29.    Admitted.

30.    Denied.

31.    White Winston denies the averments in paragraph 31 of the TAC, except as follows:

    a.  White Winston admits the averment that "[a]s part of the Dallas Purchase Transaction, AGP II executed and delivered the Initial Note to White Winston.

b. White Winston admits that AGP II executed and delivered the LOC Note to White Winston, and White Winston further avers that AGP II and Armstrong received and used the line of credit as set forth in the documents governing the use of the line of credit.

32. White Winston denies the averments in paragraph 32 of the TAC, except as follows:

a. White Winston admits Armstrong executed and delivered to White Winston the Loan Agreement.

b. White Winston admits the averment that the Loan Agreement required AGP II to pay all revenues and payments due to the Partnership or AGP II from the operation of the Dallas Pharmacy into a "Lock Box Account," located at a bank in Boston, Massachusetts and controlled by White Winston in accordance with the Loan Agreement.

33. White Winston denies the averments in paragraph 33 of the TAC, except as follows:

a. White Winston admits Armstrong also executed and delivered the TSA.

b. White Winston avers the TSA speaks for itself, and thus denies the averments in paragraph 33 of the TAC to the extent they mischaracterize the terms, meanings, and construction of the TSA.

c. White Winston lacks information or knowledge sufficient to form a belief as to the truth of the averment that all revenues generated by sales from the Dallas Pharmacy were paid directly into the Lock Box Account, but

avers all such revenues were required to be paid directly into the Lock Box Account.

34.     White Winston denies the averments in paragraph 34 of the TAC, except as follows:

    a.  White Winston admits the averment that Armstrong also executed and delivered the Side Agreement.

    b.  White Winston avers the Side Agreement speaks for itself, and thus denies the averments in paragraph 34 of the TAC to the extent they mischaracterize the terms, meanings, and construction of the Side Agreement.

35.     White Winston denies the averments in paragraph 35 of the TAC, except as follows:

    a.  White Winston admits the averment that Armstrong also executed and delivered the PIPA.

    b.  White Winston avers the PIPA speaks for itself, and thus denies the averments in paragraph 35 of the TAC to the extent they mischaracterize the terms, meanings, and construction of the Side Agreement.

36.     White Winston denies the averments in paragraph 36 of the TAC, except as follows:

    a.  White Winston admits the averment that the LOC Note was drawn by $465,582.90 at closing, and avers that the draw occurred in accordance

with and subject to the terms of the Loan Agreement, that Armstrong and AGP II (and not White Winston) made this draw, and that Armstrong and AGP II acknowledged and agreed that such draw at closing was appropriate and permitted under the Loan Agreement.

b. White Winston avers the alleged June 12, 2014 writing from Armstrong to Enright speaks for itself, and thus denies the averments in paragraph 36 of the TAC to the extent they mischaracterize the terms, meanings, and construction of that writing and any responses thereto.

37. White Winston denies the averments in paragraph 37 of the TAC, except as follows:

a. White Winston admits the averment that AGP II sought, and was granted by White Winston (although White Winston was under no legal obligation to grant) a $250,000 increase to the LOC Note pursuant to the Amended LOC.

b. White Winston admits the averment that Armstrong and AGP II gave White Winston a full release of all claims potentially related to the Dallas Purchase Transaction, the Loan Agreement, the Initial Note, the LOC Note and even the Amended LOC, and that release bars the claims and causes of action asserted in this civil action.

38. Denied.

39. Denied.

40. Denied.

41.     Denied.

42.     White Winston lacks information and knowledge sufficient to form a belief as to the truth of the averments in paragraph 42 of the TAC, and therefore denies same.

43.     Denied.

44.     Denied.

45.     Denied.

46.     White Winston does not understand the averments in paragraph 46 of the TAC, and therefore denies same, except that White Winston avers that at all material times it fully and properly complied with the applicable agreements regarding the use, treatment and application of funds deposited into the Lock Box Account and the QVL Lock Box Account.

47.     White Winston denies the averments in paragraph 47 of the TAC, except White Winston admits the averment that White Winston had exclusive control over the Lock Box Accounts, and no QVL employee had access to those accounts, and further avers under the applicable agreements signed by and known to Armstrong, all funds in all Lock Box Accounts constituted White Winston's collateral in which it had a perfected, senior, first priority lien and security interest, and were required to be credited to the outstanding interest of the LOC and other "Obligations."

48.     Denied.

49.     White Winston denies the averments in paragraph 49 of the TAC, except White Winston admits that Armstrong requested alterations to the governing

documents from time to time, to which White Winston was under no obligation to agree.

50.   Denied.

51.   White Winston denies the averments in paragraph 51 of the TAC, except as follows:

    a.   White Winston admits the averment that Plaintiffs also executed two separate guaranties in favor of White Winston.

    b.   White Winston admits the averment that the Armstrong Guaranty contains a "good guy clause."

    c.   White Winston avers the Armstrong Guaranty speaks for itself, and thus denies the averments in paragraph 51 of the TAC to the extent they mischaracterize the terms, meanings, and construction of the Armstrong Guaranty.

52.   White Winston denies the averments in paragraph 52 of the TAC, except as follows:

    a.   White Winston admits the averment that AGP executed and delivered the AGP Guaranty, pursuant to which AGP guaranteed certain of AGP II's obligations to White Winston, including those in connection with the Dallas Purchase Transaction and under the Notes.

    b.   White Winston avers the AGP Guaranty speaks for itself, and thus denies the averments in paragraph 52of the TAC to the extent they mischaracterize the terms, meanings, and construction of the AGP

Guaranty.

53.    Denied.

54.    Denied.

55.    Admitted.

56.    Denied.

57.    Admitted.

## COUNT ONE
### *(Declaratory Judgement – Armstrong Guaranty)*

58.    White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 57 above as if set forth here at length.

59.    White Winston denies the averments in paragraph 59 of the TAC, except as follows:

a.    The averment that an actual controversy within the meaning of 28 U.S.C. §2201 exists between the parties, and that controversy is ripe for adjudication is a legal conclusion to which no response is necessary, required or appropriate.

b.    White Winston admits it refuses to release Armstrong from the Armstrong Guaranty.

c.    White Winston denies that all conditions precedent to White Winston's performance under the Armstrong Release Clause have occurred, ben fulfilled, or been waived, and states with particularity that Armstrong is fully liable to White Winston under the terms of the Armstrong Guaranty, and is not entitled to a release under the Armstrong Release

Clause.

60.     Denied.

61.     Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph on page 24 of the TAC and prays that Plaintiffs take nothing by way of Count One of the TAC.

## COUNT TWO
*(Fraudulent Inducement – Armstrong Guaranty)*

62.     White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 61 above as if set forth here at length.

63.     Denied.

64.     Denied.

65.     Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph on page 26 of the TAC and prays that Plaintiffs take nothing by way of Count Two of the TAC.

## COUNT THREE
*(Breach of Implied Covenant of Good Faith and Fair Dealing – Armstrong Guaranty)*

66.     White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 65 above as if set forth here at length.

67.     The averment in paragraph 67 is a legal conclusion as to which no response is required, necessary or appropriate.

68.     Denied.

69.     Denied.

70.     Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at the bottom of page 26 of the TAC and prays that Plaintiffs take nothing by way of Count Three of the TAC.

## COUNT FOUR
*(Fraudulent Inducement – Loan Agreement)*

71.     White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 70 above as if set forth here at length.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at page 29 of the TAC and prays that Plaintiffs take nothing by way of Count Four of the TAC.

## COUNT FIVE
*(Fraudulent Inducement – PIPA)*

76.     White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 75 above as if set forth here at length.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at page 31 of the TAC and prays that Plaintiffs take nothing by way of Count Five of the TAC.

### COUNT SIX
*(Fraudulent Inducement – TSA)*

81.     White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 80 above as if set forth here at length.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at the bottom of page 33 of the TAC and prays that Plaintiffs take nothing by way of Count Six of the TAC.

### COUNT SEVEN
*(Breach of Implied Covenant of Good Faith and Fair Dealing – PIPA)*

86.     White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 85 above as if set forth here at length.

87.     The averment in paragraph 87 of the TAC is a legal conclusion as to which no response is necessary, required or appropriate.

88.     Denied.

89. Denied.

90. Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at page 34 of the TAC and prays that Plaintiffs take nothing by way of Count Seven of the TAC.

## COUNT EIGHT
*(Breach of Implied Covenant of Good Faith and Fair Dealing – Loan Agreement)*

91. White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 90 above as if set forth here at length.

92. The averment in paragraph 92 of the TAC is a legal conclusion as to which no response is necessary, required or appropriate.

93. Denied.

94. Denied.

95. Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at page 35 of the TAC and prays that Plaintiffs take nothing by way of Count Eight of the TAC.

## COUNT NINE
*(Breach of Contract – Loan Agreement)*

96. White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 95 above as if set forth here at length.

97. Denied.

98. Denied.

99.    Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at the bottom of page 35 of the TAC and prays that Plaintiffs take nothing by way of Count Nine of the TAC.

## COUNT TEN
### *(Fraudulent Misrepresentation)*

100.    White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 99 above as if set forth here at length.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at the bottom of page 36 of the TAC and prays that Plaintiffs take nothing by way of Count Ten of the TAC.

## COUNT ELEVEN
### *(Breach of Fiduciary Duty – Armstrong Guaranty)*

105.    White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 104 above as if set forth here at length.

106.    White Winston denies the averments in paragraph 106 of the TAC, except White Winston admits the averment that the Loan Agreement required the Lock Box Account be held in White Winston's name.

107.    Denied.

108.   Denied.

109.   Denied.

110.   Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at the bottom of page 37 of the TAC and prays that Plaintiffs take nothing by way of Count Eleven of the TAC.

### COUNT TWELVE
*(Violation of G.L. c.93A)*

111.   White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 110 above as if set forth here at length.

112.   White Winston avers Count Twelve has been dismissed, and accordingly no further response to the averments in Count Twelve is necessary, required and appropriate, but White Winston denies the averments in paragraph 112 of the TAC to the extent a response to such averments is required.

113.   White Winston avers Count Twelve has been dismissed, and accordingly no further response to the averments in Count Twelve is necessary, required and appropriate, but White Winston denies the averments in paragraph 113 of the TAC to the extent a response to such averments is required.

114.   White Winston avers Count Twelve has been dismissed, and accordingly no further response to the averments in Count Twelve is necessary, required and appropriate, but White Winston denies the averments in paragraph 114 of the TAC to the extent a response to such averments is required.

115.   White Winston avers Count Twelve has been dismissed, and accordingly

no further response to the averments in Count Twelve is necessary, required and appropriate, but White Winston denies the averments in paragraph 115 of the TAC to the extent a response to such averments is required.

116.    White Winston avers Count Twelve has been dismissed, and accordingly no further response to the averments in Count Twelve is necessary, required and appropriate, but White Winston denies the averments in paragraph 116 of the TAC to the extent a response to such averments is required.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at page 38 of the TAC and prays that Plaintiffs take nothing by way of Count Twelve of the TAC.

### **COUNT THIRTEEN**
*(Tortious Interference with Contract – TSA)*

117.    White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 116 above as if set forth here at length.

118.    White Winston admits the averment in paragraph 118 that at all times relevant hereto, the TSA constituted a valid and existing contract between QVL and Armstrong.  White Winston denies all remaining averments in paragraph 118 of the TAC.

119.    Denied.

120.    Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at page 38 of the TAC and prays that Plaintiffs take nothing by way of Count Thirteen of the TAC.

## COUNT FOURTEEN
*(Tortious Interference with Contract – TSA)*

121.     White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 120 above as if set forth here at length.

122.     White Winston admits the averment in paragraph 122 that at all times relevant hereto, the Side Agreement constituted a valid and existing contract between the Funding Group and Armstrong.  White Winston denies all remaining averments in paragraph 122 of the TAC.

123.     Denied.

124.     Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at page 40 of the TAC and prays that Plaintiffs take nothing by way of Count Fourteen of the TAC.

## COUNT FIFTEEN
*(Right to Accounting of Lock Box Account – Deposit Account Control Agreement and under the Court's Equitable Powers)*

125.     White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 125 above as if set forth here at length.

126.     White Winston avers the Deposit Account Control Agreement speaks for itself and denies the averments of paragraph 126 of the TAC to the extent they mischaracterize the terms, meanings, and construction of the Deposit Account Control Agreement.

127.     Denied.

128.     Denied.

129.   Denied.

## **COUNT SIXTEEN**
### *(Negligent Misrepresentation)*

130.   White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 129 above as if set forth here at length.

131.   Denied.

132.   Denied.

133.   Denied

134.   Denied.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at page 41 of the TAC and prays that Plaintiffs take nothing by way of Count Sixteen of the TAC.

## **COUNT SEVENTEEN**
### *(Declaratory Judgment – Escrow Agreement)*

135.   White Winston realleges and incorporates here by reference the matters set forth in paragraph 1 – 134 above as if set forth here at length.

136.   White Winston avers Count Seventeen has been dismissed, and accordingly no further response to the averments in Count Seventeen is necessary, required and appropriate, but White Winston denies the averments in paragraph 136 of the TAC to the extent a response to such averments is required except as follows:

   a. The averment that an actual controversy within the meaning of 28 U.S.C. §2201 exists between the parties, and that controversy is ripe for adjudication is a legal conclusion to which no response is necessary,

required or appropriate.

b. White Winston admits McCarter & English formerly served as escrow agent under the Escrow Agreement.

c. White Winston admits the averment that McCarter & English entered an appearance for White Winston and brought affirmative claims in this matter on April 6, 2016.

137. Denied.

138. White Winston avers Count Seventeen has been dismissed, and accordingly no further response to the averments in Count Seventeen is necessary, required and appropriate, but White Winston denies the averments in paragraph 138 of the TAC to the extent a response to such averments is required White Winston denies the averments except as follows:

a. White Winston admits the averment that on February 15, 2019, White Winston sent Notice to McCarter & English demanding release and delivery of the Escrowed Documents.

b. White Winston claims that the Notice speaks for itself and denies the averments in paragraph 138 of the TAC to the extent they mischaracterize the terms, meanings, and construction of the TSA.

c. White Winston admits the averment, and avers again here, that the Escrowed Documents were pledged against the May 29, 2014 Dallas Purchase Transaction.

139. White Winston avers Count Seventeen has been dismissed, and

accordingly no further response to the averments in Count Seventeen is necessary, required and appropriate, but White Winston denies the averments in paragraph 139 of the TAC to the extent a response to such averments is required White Winston denies the averments except as follows:

    a. White Winston admits the averment that on February 15, 2019, the Plaintiffs sent notice to McCarter & English demanding release and delivery of the Escrowed Documents.

    b. White Winston claims that the notice speaks for itself and denies the averments in paragraph 139 of the TAC to the extent they mischaracterize the terms, meanings, and construction of the TSA.

140. White Winston avers Count Seventeen has been dismissed, and accordingly no further response to the averments in Count Seventeen is necessary, required and appropriate, but White Winston denies the averments in paragraph 140 of the TAC to the extent a response to such averments is required, except White Winston admits that it sent Notice to McCarter & English on February 20, 2019 objecting to the release and delivery of the Escrowed Documents to Pledgor.

141. White Winston avers Count Seventeen has been dismissed, and accordingly no further response to the averments in Count Seventeen is necessary, required and appropriate, but White Winston denies the averments in paragraph 141 of the TAC to the extent a response to such averments is required White Winston denies the averments.

142. White Winston avers Count Seventeen has been dismissed, and

accordingly no further response to the averments in Count Seventeen is necessary, required and appropriate, but White Winston denies the averments in paragraph 142 of the TAC to the extent a response to such averments is required White Winston denies the averments.

White Winston denies Plaintiffs are entitled to the relief prayed for in the unnumbered paragraph at page 43 of the TAC and prays that Plaintiffs take nothing by way of Count Seventeen of the TAC.

White Winston denies Plaintiffs are entitled to any of the relief prayed for in numbered paragraphs 1 – 7 of their prayer for relief.  White Winston prays that Plaintiffs take nothing by way of their causes of action, and instead that the Court award White Winston its costs and fees, including, without limitation, its reasonable attorney's fees, incurred in this civil action.

## **AFFIRMATIVE DEFENSES**

White Winston hereby asserts the following affirmative defenses and reserves its right to assert, in the future, such additional defenses as may become available or apparent during discovery or through other pretrial proceedings:

### *First Affirmative Defense*

Plaintiffs' claims are barred, in whole or part, because they fail to state a claim upon which relief can be granted.

### *Second Affirmative Defense*

Plaintiffs' claims are barred, in whole or part, by the doctrine of unclean hands.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or part, by the doctrine of estoppel.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or part, because Plaintiffs have suffered no damages.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or part, by their own conduct.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Defendant at all times acted in good faith and did not directly or indirectly perform any act whatsoever that would constitute a violation of any right of Plaintiffs or any duty owed to Plaintiffs.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Defendant fully performed any and all contractual and other duties, if any, owed to Plaintiffs.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have fully released Defendant from all liability associated with the operative agreements between the parties.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or part, because Plaintiffs have failed to state a claim for fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### *Tenth Affirmative Defense*

Plaintiffs' claims are barred, in whole or part, because Plaintiffs never relied upon any of the acts or omissions of Defendant.

### *Eleventh Affirmative Defense*

Any recovery by Plaintiffs must be barred or reduced in an amount to be determined at trial due to the fact that Defendant is entitled to legal and equitable rights of setoff, offset and similar theories for claims existing against Plaintiffs.

### *Twelfth Affirmative Defenses*

Plaintiffs' claims are barred, in whole or part, by the doctrine of recoupment.

### *Thirteenth Affirmative Defense*

Plaintiffs' claims are barred, in whole or part, by the preclusive effect (under theories of *res judicata*, collateral estoppel, issue preclusion, claim preclusion and similar theories) of the "*Order Confirming Modified Third Amended Plan of Reorganization Proposed by the Debtor, QVL Pharmacy Holdings, Inc.* [Dkt. 215] and entered on February 17, 2017 by the United States Bankruptcy Court for the District of Massachusetts in the matter number and styled Case No. 15-14983-FJB, *In re QVL Pharmacy Holdings, Inc.*

### *Fourteenth Affirmative Defense*

Plaintiffs' claims are barred, in whole or part, because White Winston did not owe any of the Plaintiffs a fiduciary duty as averred in the TAC.

### *Fifteenth Affirmative Defense*

Plaintiffs' claims are barred, in whole or part, because White Winston did not control

and is not responsible for QVL Pharmacy Holdings, Inc., is not the alter ego of or successor to QVL Pharmacy Holdings, Inc., and is not responsible or liable for the obligations or debts of QVL Pharmacy Holdings, Inc.

## RESERVATION OF COUNTERCLAIMS

White Winston realleges, reserves all rights with respect to and incorporates here by reference all counterclaims and prayers for relief thereon it previously filed against any and all Counterdefendants.

## RESERVATION OF THIRD PARTY COMPLAINT

White Winston realleges, reserves all rights with respect to and incorporates here by reference all third party complaints and prayers for relief thereon it previously filed against any and all Third Party Defendants.

Dated:        May 12, 2020              Respectfully submitted,

                                        */s/ Jeffrey D. Sternklar*
                                        Jeffrey D. Sternklar (BBO #549561)
                                        Jeffrey D. Sternklar, LLC
                                        26th Floor, 225 Franklin Street
                                        Boston, MA 02110
                                        Telephone: 617-396-4515
                                        Email: jeffrey@sternklarlaw.com

                                        **For White Winston Select Asset
                                        Funds, LLC.**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Court's CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-

registered participants on May 12, 2020.

/s/ *Jeffrey D. Sternklar*
Jeffrey D. Sternklar