UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GRANT ARMSTRONG and ARMSTRONG RX GP, LLC, | ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) ) ) | |
| v. | ) ) | |
| WHITE WINSTON SELECT ASSET FUNDS, LLC, | ) ) ) | CIVIL ACTION NO. 16-10666-JGD |
| Defendant/Third Party Plaintiff, | ) ) ) | |
| MCCARTER & ENGLISH, LLP, | ) ) | |
| Defendant/Counterclaim Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ARMSTRONG RX II, GP, LLC and ARMSTRONG RX II, LP, | ) ) ) | |
| Third Party Defendants. | ) | |

**DISCOVERY ORDER**

Following a status conference held on June 22, 2020 in accordance with Fed. R. Civ. P. 16(a) and after due consideration of the parties' Joint Financial Accounting Discovery Plan (Docket No. 160), it is hereby ORDERED as follows:

1. The plaintiffs may proceed with subpoenas to Boston Private Bank in the following manner:

      a.    The plaintiffs may subpoena the following accounts from Boston Private Bank:  the QVL Pharmacy Subsidiaries Funding Group, LLC Account ending in 7650, the QVL Pharmacy Holdings Inc. Operating Account ending in 8080, the QVL Pharmacy 142, LP c/o Texas RX Pharmacy Dallas Operating Account, and the Armstrong Rx, LP Plano Operating Account ending in 5934.  While the defendants have indicated that they do not object to subpoenas being sent for these accounts, the plaintiffs will provide the defendants with the subpoenas and allow the defendants seven days to review them, and to raise any concerns they may have.

      b.    The plaintiffs shall not subpoena information from Boston Private Bank about the following accounts without prior court approval: the QVL Investors Business Trust, the White Winston Select Asset Funds, LLC Operating Account, and the White Winston Select Asset Funds, LLC Investment Receipt Trust Account.

The plaintiffs may request additional information about specific transactions identified in the spreadsheets the defendants recently provided, or seek additional information about a random sample of entries to ensure the data's reliability.  The defendants shall provide supporting documentation, including information from these accounts, after making the appropriate redactions.

2. The plaintiffs may subpoena Hillcrest Capital, the Amerisource Bergen Drug Company and other third-party vendors.  Prior to serving the subpoenas, the plaintiffs shall send the subpoenas to the defendants and allow the defendants seven days to review the subpoenas and bring any objections to the plaintiffs' attention.

3. Except as provided herein, discovery shall continue in the usual course.

[2]

4.  As part of any L.R. 7.1 consultation in connection with any issue to be brought to the court's attention, the parties shall discuss and try to reach an agreement as to the appropriate way to bring the dispute to the attention of the court, including whether full briefing and/or in-person oral argument is necessary.  The parties shall notify the court of their proposal as to how best to proceed.

5.  The next status conference shall be held on December 11, 2020 at 2:30 p.m.  The location and format of the conference shall be set by the court at a later date.  At that time, the parties shall be prepared to discuss:

>   (a) the status of the case;
>   (b) scheduling for the remainder of the case through trial; and
>   (c) use of alternative dispute resolution programs.

6.  The parties shall submit a brief joint statement no later than three (3) business days before the conference addressing the issues itemized in paragraph 5 above. With respect to the use of ADR, the parties shall indicate whether an agreement has been reached, but shall not identify their respective positions.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: June 23, 2020