## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GRANT ARMSTRONG and ARMSTRONG RX GP, LLC<br><br>Plaintiffs,<br><br>v.<br><br>WHITE WINSTON SELECT ASSET FUNDS, LLC<br><br>Defendant/Third-Party Plaintiff,<br><br>v.<br><br>ARMSTRONG RX II, GP, LLC and ARMSTRONG RX II, LP<br><br>Third-Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:16-cv-10666-JGD |

## MOTION TO COMPEL AND REQUEST TO SUBPOENA

The Plaintiffs, Grant Armstrong and Armstrong RX GP, LLC, ("Armstrong") hereby move the Court for an Order compelling the Defendant, White Winston Select Asset Funds, LLC ("White Winston"), to comply with Armstrong's Requests for Production dated January 25, 2017 and this Court's ESI Order dated May 17, 2017, Dkt. 85. White Winston has repeatedly failed and refused to produce documents withheld on the basis of the now-resolved motion to dismiss; the correspondence and text messages required by the Court's ESI Order; a privilege log specifically identifying claimed privileges; and the supporting financial documents concerning the Dallas Pharmacy. Further, third parties Hillcrest Capital Advisors, Inc. and Robert Mahoney have refused to produce supporting documents in their possession concerning transactions with the Dallas Pharmacy accounts. These

1

refusals and failures justify the entry of an order compelling production by White Winston, Hillcrest Capital Advisors, Inc., and Robert Mahoney.

### I.     Background

On May 17, 2017, and an ESI Order in which the parties agreed production of electronic records, including correspondence and text messages.  Dkt. No. 85 at 2-3.  White Winston served supplemental productions subject to objections on February 15, 2018, February 28, 2018, and March 15, 2018. With the latter supplemental production, White Winston stated, "certain documents were withheld entirely or redacted based on White Winston's objections and pending Motion to Dismiss … Should the court deny the Motion to Dismiss or otherwise order that the documents be produced in unredacted form, we shall do so and supply the associated metadata." Dkt. 154-2 at 1.

On May 30, 2018, Armstrong objected that White Winston had failed to produce, among other things, text messages, written correspondence concerning the Dallas Pharmacy, financial records concerning the Dallas Lockbox Account, and a privilege log. May 30, 2018 Correspondence, attached hereto as **Exhibit A**. On June 21, 2018, Armstrong requested that White Winston provide the supporting financial records used to prepare its amortization schedules, including its records relating to withdrawals by White Winston from the Dallas Lockbox Account along with other financial records concerning the Dallas Pharmacy. June 21, 2018 Correspondence, attached hereto as **Exhibit B**. Armstrong reiterated these requests in further correspondence on July 9, August 7, and August 16, 2018. July 9-August 16, 2018 Correspondence, attached hereto as **Exhibit C**. On March 15, 2019, the Court stayed further discovery pending the resolution of White Winston's motion to dismiss. Dkt. 112. On March 23, 2020, the Court denied the motion to dismiss as to all claims but one arising under Mass. Gen. L. c. 93a. Dkt. 152.

On June 9, 2020, Armstrong reported that the documents withheld by White Winston on the basis of the pending motion to dismiss had not yet been produced, and White Winston stated it "intends to produce these items forthwith once financial discovery is not stayed." Dkt. 160 at 17. These documents, withheld pending the motion to dismiss, have not been produced despite the entry of the Court's financial discovery Order on June 23, 2019. *See* Dkt. 162.

Armstrong further reported that White Winston's text messages, additional correspondence, and privilege log remained outstanding. Dkt. 160 at 17. White Winston represented that it would produce the text messages by June 19, 2020 and was consulting an ESI vendor concerning a privilege log. *Id.*

On June 19, 2020, White Winston produced a privilege log, which did not identify the privilege asserted for each document, and text messages between Todd Enright and Grant Armstrong only. Privilege Log, attached hereto as **Exhibit D**. On the same date, Armstrong produced third-party subpoena returns from Steve Cox, Chad Collins, Boston Private Bank & Trust Company, and AmerisourceBergen Drug Company. Among the White Winston correspondence obtained by third-party subpoena concerning the Dallas Pharmacy, White Winston had only previously produced five items of correspondence.

On June 23, 2020, the Court entered its order concerning financial discovery, including the Boston Private Bank & Trust Company accounts that Armstrong could subpoena only with Court approval, and additionally ordered, "Except as provided herein, discovery shall continue in the usual course." Dkt. 162 at 2.

On July 8, 2020, Armstrong requested from White Winston certain supporting financial records concerning  withdrawals from the Dallas Lockbox Account by accounts that Armstrong could subpoena only with prior Court approval. *See* July 8, 2020 Correspondence, attached hereto as **Exhibit E**. On July 13, 2020, Armstrong sent notices of

subpoenas to Hillcrest Capital Advisors, Inc. and Robert Mahoney. July 13, 2020 Correspondence, attached hereto as **Exhibit F.**  On July 14, 2020, White Winston replied that it would attempt to produce revised amortization schedule summaries, but would not produce the other requested financial records. *See* July 14, 2020 Correspondence, attached hereto as **Exhibit G**.

On July 20, 2020, Armstrong objected that: [1] the documents withheld pending the motion to dismiss remained outstanding; [2] the text messages were insufficient because they included only the messages between Todd Enright and Grant Armstrong. *See* July 20, 2020 Correspondence, attached hereto as **Exhibit H**. The same day, White Winston replied to subpoenas addressed to third parties Hillcrest Capital Advisors Inc. and Robert Mahoney and sent to White Winston's attention on July 13, 2020 by Armstrong under the Court's June 23, 2020  Order, objecting to the breadth of the subpoena.  July 14, 2020 Correspondence, attached hereto as **Exhibit I**, at 3.

On July 21, 2020, Armstrong further objected that: [1] the  requested supporting financial records were required, because they concern whether the line of credit was properly accounted; and [2] the privilege log insufficiently stated a claim of privilege, and certain records and correspondence identified were not privileged. *See* July 21, 2020 Correspondence, attached hereto **Exhibit J**.

On July 29, 2020, White Winston responded to Armstrong that: [1] it had no further responsive text messages though it would conduct one further search; [2] it was reviewing the documents withheld pending the motion to dismiss and "hope to have a further response and production to you in August"; [3] it was reviewing the privilege log and the documents identified as non-privileged and White Winston "hopes to have a further and specific response to you in August"; [4] it had produced another spreadsheet, this time disaggregating lender advances to Armstrong under the line of credit, and that it would

"attempt to obtain backup information from storage (to the extent it exists) with respect to particular expenses on the attached spreadsheet charged to your client"; and [5] counsel for White Winston had been retained to represent third parties Hillcrest Capital Advisors Inc. and Mr. Mahoney, and would agree to accept service of their subpoenas. *See* July 29, 2020 Correspondence, attached hereto as **Exhibit K**.

On August 5, 2020, Armstrong replied to White Winston, requesting that White Winston:

[1] confirm whether it has no further responsive text messages; [2] produce the documents withheld pending the motion to dismiss because they are relevant and have been withheld for more than two years; [3] produce a privilege log sufficiently stating its claims of privilege and produce nonprivileged documents; and [4] produce the supporting financial records *in their entirety* as requested for more than two years. August 5, 2020 Correspondence, attached hereto as **Exhibit L**.

On August 13, 2020, third parties Hillcrest Capital Advisors, Inc. and Robert Mahoney objected to the subpoenas directed to them. *See* Subpoena Objections, attached hereto as **Exhibit M**.  These objections included scope, burden, relevance, and privilege, as well as the objection that Hillcrest Capital Advisors, Inc. and Robert Mahoney would not concede that any document they produced was in their possession.  *See id.* at 1-3. Concerning Armstrong's request for documents in the possession of Hillcrest Capital Advisors Inc. and Robert Mahoney concerning withdrawals from the Dallas lockbox account —withdrawals that were necessarily authorized by Mr. Mahoney as a signatory to the account control agreement—counsel for these third parties objected that they would *only* produce documents concerning the withdrawals identified in Armstrong's July 8, 2020 letter to party defendant White Winston. *Id.* at 10. Hillcrest Capital Advisors, Inc. and Mr. Mahoney further responded notwithstanding their objections that they would produce

documents to the extent they were not already produced by White Winston. *Id.* at 4, 5, 6, 16, 17, 26, 27, 28.

On August 14, 2020, Mr. Mahoney and Hillcrest Capital Advisors, Inc.  produced certain responsive documents in their possession notwithstanding their objections.  On August 24, 2020, White Winston served additional discovery requests on Armstrong.  On August 26, 2020, under L.R 37.1 and this Court's June 23, 2020 Order, Armstrong  notified the Court that discovery disputes remained outstanding that required the Court's intervention and warranted briefing by the parties; White Winston objected that it was "unaware of exactly what remains disputed." August 26, 2020 Correspondence, attached hereto as **Exhibit N.** The same day, White Winston served notices to subpoena several third party doctors concerning Dallas and Plano pharmacy prescriptions. On August 27, 2020, White Winston objected for the first time, through newly retained additional counsel (who has yet to appear in this action[1]) to Armstrong's January 17, 2017 responses to White Winston's first set of discovery requests.

The next day, on August 28, 2020, White Winston stated to Armstrong that  it was White Winston's position that , but for Mr. Mahoney's texts, it had produced all documentation requested concerning the transactions identified in the July 8, 2020 letter. See August 28, 2020 correspondence, attached hereto as **Exhibit O**. White Winston further stated that: "We believe the only outstanding items that you have requested in your letters is: (i) the documents that were withheld in White Winston's first production of documents; (ii) an updated privilege log reflecting the withheld documents; and (iii) additional text messages of Todd Enright." **Exhibit O** at 1. White Winston "attempted to locate the documents that were previously withheld from the production. However, we are having difficulty with our document review vendor who is storing the documents, including the

---

[1] The objection was sent by Kellie W. Fisher, Esq. of the law firm Drummond Woodsum.

documents that were withheld, and who prepared the privilege log." *Id.* White Winston is "attempting to fix this problem, and will respond to your additional requests and update the privilege log when we resolve the issue with our vendor." *Id.* White Winston concluded that, "As noted previously, Mr. Enright has not located any additional text messages to produce." *Id.* at 2.

## II.    Legal Standard

The party to whom a request for production is directed must respond in writing within 30 days after being served. F.R.C.P. 34(b)(2)(A). If a party fails to produce documents as requested, the requesting party may move for an order compelling production. F.R.C.P. 37(a)(3)(B)(iv); *see also* D.Mass. L. R. 34.1(e). An incomplete disclosure must be treated as a failure to disclose. F.R.C.P. 37(a)(4). If the Court grants a motion to compel, it must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. F.R.C.P. 37(a)(5)(A).

## III.    Argument

White Winston has failed to produce documents as repeatedly requested for over two years, and an order compelling production is now therefore appropriate. Further, to the extent that the requested documents need to be obtained from third-party Boston Private Bank & Trust Company instead, the approval of a subpoena thereto is justified.

### 1. Documents Withheld

Since March 15, 2018, White Winston has withheld responsive, relevant documents requested by Armstrong. First, White Winston withheld the documents on the basis of the pending motion to dismiss. Doc. 154-2. Once the motion to dismiss was largely denied on March 23, 2020, Doc. 152, White Winston then withheld the documents on the basis that the Court had not entered a financial discovery Order. Dkt. 160 at 17. The Court has now

entered a financial discovery Order and directed the parties that all other discovery is to continue in the usual course. Despite Armstrong once again renewing the request, *see* **Exhibit H**, White Winston has continued to withhold the documents, now claiming that the issue is due to nonspecific "difficulties with our document review vendor" and the documents will be produced at some nonspecific juncture in the future, "when we resolve the issue." **Exhibit O**. Accordingly, the Court should compel White Winston to produce the admittedly relevant documents that it continues to withhold. F.R.C.P. 37(a)(3)(B)(iv); *see also* D.Mass. L. R. 34.1(e).

2. **Text Messages**

Since May 17, 2017, when this Court entered its ESI Order, White Winston has been obligated to produce Todd Enright's text messages. Dkt. 85 at 3. Since then, over three years ago, Armstrong has repeatedly requested that White Winston comply with this Court's ESI Order entered a year previously and produce Todd Enright's text messages, as Armstrong has. *See* Dkt. 154-2. On June 19, 2020, nearly three years after the entry of the ESI Order, White Winston produced text messages only between Todd Enright and Grant Armstrong. White Winston failed to produce text messages between Todd Enright and any other individual, including QVL employees and White Winston managers, partners, officers, agents, and employees. Armstrong has requested that the text messages production be supplemented, *see* **Exhibit H**, but White Winston failed to do so. White Winston only continues to state that "Mr. Enright has not located any additional text messages to produce," without confirming that it is White Winston's position that Mr. Enright did not correspond with any other individual than Grant Armstrong. See **Exhibit O** at 2. White Winston's production is an incomplete disclosure and therefore a failure to disclose. F.R.C.P. 37(a)(4). Indeed, under F.R.C.P. 37(b)(2)(A), the Court may impose sanctions upon White Winston for its failure to comply with the Court's ESI Order.

Accordingly, the Court should compel White Winston to produce the complete text messages it was ordered to over three years ago. F.R.C.P. 37(a)(3)(B)(iv); *see also* D. Mass. L. R. 34.1(e).

3. **Correspondence**

The Court's ESI Order entered May 17, 2017 further required White Winston to search its email systems and produce non-privileged and relevant email consistent with the terms of that Order. Dkt. 85 at 2. Since May 30, 2018. Armstrong has raised the issue of incomplete production of correspondence between White Winston and other individuals concerning the Dallas Pharmacy. *See* **Exhibit A**; Dkt. 160 at 17. In view of the limited production by White Winston of relevant correspondence in its custody that Armstrong was able to obtain by third-party subpoena, it is apparent that White Winston's production is an incomplete disclosure and therefore a failure to disclose. F.R.C.P. 37(a)(4). Accordingly, the Court should compel White Winston to produce relevant correspondence to Armstrong under this Court's ESI Order. As with Enright's text messages, under F.R.C.P. 37(b)(2)(A), the Court may impose sanctions upon White Winston for its failure to comply with the Court's ESI Order. The Court should accordingly compel White Winston to produce the complete correspondence it was ordered to over three years ago. F.R.C.P. 37(a)(3)(B)(iv); *see also* D. Mass. L. R. 34.1(e).

4. **Privilege Log**

The Court's May 17, 2017 ESI Order required, consistent with F.R.C.P. 26(b)(5), that White Winston produce a privilege log specifically identifying documents otherwise discoverable and withheld from production to Armstrong on the basis of claimed privilege. Dkt. 85 at 7-8. On June 9, 2020, White Winston reported that it was still consulting an ESI vendor concerning the production of the privilege log. On June 19, 2020, White Winston produced the privilege log.

White Winston's privilege log did not specifically identify any claim of privilege, instead asserting that all documents listed were privileged generally. While this is insufficient under the Rules, it was apparent from the privilege log that certain documents listed thereon were not protected from disclosure.

The party asserting attorney-client privilege "bears the burden of establishing the privilege, which includes proving that (1) the communications were sent by or received from a client during the course of the client's search for legal advice from the attorney in his or her capacity as such; (2) the communications were made in confidence; and (3) the privilege as to these communications has not been waived. *Comm'r of Revenue v. Comcast Corp.*, 453 Mass. 293, 304 (2009) (citation omitted).  "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."  *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  F.R.C.P. 26(b)(3).

First, certain documents listed on the privilege log are not communications, and are therefore not protected by attorney-client privilege. *See* **Exhibit J** at 18; *Upjohn, supra* at 395. Further, these documents were not prepared in anticipation of litigation for trial, so they are not otherwise protected from disclosure. F.R.C.P. 26(b)(3). Second, certain documents listed on the privilege log are communications, but they are not attorney-client communications. *See* **Exhibit J** at 18.  These documents are not entitled to protection from disclosure under attorney-client privilege. *Comcast, supra* at 304. Third, certain documents listed on the privilege log are attorney-client communications, but they are not confidential, because they include third parties as recipients. **Exhibit J** at 19.  Because these

communications are not confidential, they are not protected by attorney-client privilege. *Comcast, supra* at 304.

White Winston not only continues to refuse to provide a privilege log that identifies the specific claims of privilege, it refuses to produce any of the documents Armstrong has identified as nonprivileged. *See* **Exhibit O** at 1. The Court should accordingly compel White Winston to supplement its privilege log to specifically identify its claims of privilege, and to produce the documents Armstrong has identified that are not protected from disclosure.

5. **Financial Records**

White Winston first produced for the purposes of this litigation only a line of credit amortization schedule showing aggregate lender advances, line collections, and interest weekly on June 13, 2018. On June 21, 2018, and repeatedly thereafter, Armstrong requested the supporting documentation used to prepare the line of credit amortization schedule. When the Court entered the financial discovery Order, it required that Armstrong seek Court approval before issuing a subpoena to Boston Private Bank & Trust Company concerning  the QVL Investors Business Trust Account, the White Winston Select Asset Funds, LLC Operating Account, and the White Winston Select Asset Funds, LLC Investment Receipt Trust Account. Dkt. 162 at 2 .

The Dallas Lockbox Account statements, however, reflect substantial withdrawals by those three accounts and others, withdrawals that were included as weekly lender advances in the line amortization schedule and were not otherwise accounted. Armstrong accordingly sent a letter on July 8, 2020 to White Winston again requesting the supporting documentation used to prepare the amortization schedule and concerning these identified withdrawals. *See* **Exhibit E**.  White Winston again refused to produce the records, instead offering to attempt to retrieve those records and use them to produce yet another summary to Armstrong.

White Winston has already represented that it can attempt to retrieve the supporting records. Accordingly, the Court should enter an order compelling White Winston to produce those records to Armstrong.  Insofar as White Winston represents that it cannot retrieve those records promptly and they are in the custody of Boston Private Bank & Trust Company, Armstrong requests approval of the Court for the issuance of a subpoena to Boston Private Bank & Trust Company for the supporting records from the QVL Investors Business Trust Account, the White Winston Select Asset Funds, LLC Operating Account and the White Winston Select Asset Funds, LLC Investment Receipt Trust Account.

## 6. Hillcrest Capital Advisors, Inc. and Robert Mahoney

Counsel for third parties Hillcrest Capital Advisors, Inc. and Robert Mahoney is shared with White Winston. Hillcrest Capital Advisors, Inc. and Robert Mahoney objected in response to the subpoenas directed to them that they would produce documents only concerning transfers to and from the Dallas pharmacy accounts and other Boston Private Bank Accounts for which Mr. Mahoney was an owner, authorized person, or signatory that were identified in Armstrong's July 8, 2020 letter to party defendant White Winston. **Exhibit M** at 10. Counsel for Hillcrest Capital Advisors Inc. and Mr. Mahoney also responded that they would produce documents notwithstanding its objections only to the extent those documents were not previously produced by White Winston—without stating, as he must under F.R.C.P. 34(b)(3)(B), whether any responsive materials, including annotated copies of documents previously produced without annotations by White Winston, are in fact being withheld, or otherwise identifying any overlapping production.

While they share counsel, White Winston is not the same entity as Hillcrest Capital Advisors, Inc., and White Winston's partner, Todd Enright, is not the same person as Robert Mahoney, the president of Hillcrest Capital Advisors Inc. Had Mr. Mahoney and Mr. Enright not shared an attorney, Hillcrest Capital Advisors Inc. and Robert Mahoney never

could have referred to the July 8, 2020 letter addressed to White Winston in their objections.

Further, the subpoena directed to third parties Robert Mahoney and Hillcrest Capital Advisors Inc. is different from the discovery directed to party defendant White Winston, in particular concerning documents generated by Robert Mahoney and Hillcrest Capital Advisors, Inc.[2], as well as financial records for accounts to which Robert Mahoney was a signatory. These requests are most properly directed to Mr. Mahoney and Hillcrest Capital Advisors,  not White Winston. The requests are relevant, and the production of responsive documents is not burdensome.

These third parties—Hillcrest Capital Advisors, Inc. and Robert Mahoney—have accordingly withheld, without any legal basis, documents in their possession concerning transactions between the Dallas pharmacy accounts and bank accounts for which Mr. Mahoney was an owner, authorized person, or signatory.  Withdrawals from and transfers to the Dallas pharmacy accounts are important to Armstrong's claims. The production of documents concerning certain, but not all, of these transactions was not unduly burdensome on Hillcrest Capital Advisors, Inc. and Robert Mahoney. Accordingly, the Court should enter an order overruling Hillcrest Capital Advisors, Inc. and Robert Mahoney's objection and compelling them to produce documents in their possession concerning transactions between the Dallas pharmacy accounts and bank accounts for which Mr. Mahoney was an owner, authorized person, or signatory.

---

[2] This matter was transferred to this Court on January 8, 2016. Dkt.1 . The documents requested of Hillcrest Capital Advisors, Inc. and Robert Mahoney include numerous invoices from Hillcrest Capital Advisors, Inc. to Armstrong that were paid under the Dallas Pharmacy line of credit at issue in this litigation. These invoices continued to be generated after the commencement of this litigation, and they bill Armstrong for services directly adverse to his interests, including providing litigation support to White Winston in the mediation. *See* Hillcrest Capital Invoices, attached hereto as **Exhibit P**.

## IV.      Conclusion

Armstrong promulgated requests for production on January 25, 2017. Armstrong has repeatedly requested that White Winston produce the documents withheld on the basis of a moot objection, the correspondence and text messages required by the Court's ESI Order, a privilege log, and the supporting financial documents concerning the Dallas Pharmacy line amortization. Third parties Hillcrest Capital Advisors, Inc. and Robert Mahoney also refuse to produce requested financial documents, apparently on the basis that party defendant White Winston would rather those documents be withheld. Refusals to produce and incomplete production in respect of each request constitutes a failure to disclose. Accordingly, the Court should compel White Winston to produce the documents withheld on the basis of the motion to dismiss, the complete correspondence and text messages, the documents not withheld from production but not protected from disclosure by privilege, and the supporting financial documents necessary to establish Armstrong's accounting and other claims. Equally, the Court should compel Hillcrest Capital Advisors, Inc. and Robert Mahoney to produce the documents they have improperly withheld.

Respectfully Submitted,

GRANT ARMSTRONG and
ARMSTRONG RX GP, LLC,

By Their Attorneys,

_____/s/ Patrick Clendenen_____
Patrick T. Clendenen (BBO #564165)
Clendenen & Shea, LLC
400 Orange Street
New Haven, CT 06511
203-787-1183 (telephone)
203-787-2847 (facsimile)
ptc@clenlaw.com

Date:  September 2, 2020


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Court's CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 2, 2020.

AND

## D. MASS. L. R. 37.1 CERTIFICATION

I hereby certify that I have complied with the provisions of Local Rule 37.1 by reference to the letters and emails dated July 8, 2020 through August 28, 2020 attached hereto as **Exhibits E-O**.

  _/s/ Patrick Clendenen_____

CLENDENEN & SHEA, LLC