# **EXHIBIT A**

# CLENDENEN & SHEA, LLC
Attorneys at Law

William H. Clendenen, Jr.
Kevin C. Shea
Patrick T. Clendenen
Charles J. Donato
Benjamin H. Levites
Joseph E. Boccia
Haley W. Schaefer

400 Orange Street
New Haven, Connecticut 06511

Telephone 203-787-1183
Telecopier 203-787-2847
E-Mail: office @clenlaw.com

Lynne M. Tourville
Nadine P. Toce
Beverley D. Ostrosky
Charlotte A. Powell
Legal Assistants

May 30, 2018

**BY E-MAIL & U.S. MAIL**

Jeffrey D. Sternklar, Esq.
225 Franklin Street, 26th Floor
Boston, MA 02110
jeffrey@sternklarlaw.com

Re: <u>Armstrong et al. v. White Winston Select Asset Funds, LLC</u>

Dear Jeffrey:

    We have reviewed your client's production as set forth in your letters dated February 15th, February 28th, and March 15th, 2018. Based upon our review, it appears that the following documents as requested in Plaintiff's First Set of Requests for Production of Documents to Defendant/Third-Party Plaintiff have been withheld.

- Request #1 (Transition Services Agreement for Dallas Pharmacy, executed version);
- Requests #3-7 (All documents re White Winston's financial and/or business relationship with QVL);
- Requests #14-16 (All documents re the Lock Box Account, including but not limited to financial statements);
- Request #17 (Todd Enright's text messages);
- Requests #18-22 (Other relevant text messages);
- Request #19 (All written correspondence between White Winston agents, employees, and/or representatives re Plano or Dallas Pharmacy Transactions);
- Request #20 (All written correspondence between White Winston and QVL re Plano or Dallas Pharmacy Transactions);
- Request #21 (All written correspondence between White Winston and any other person or entity re Plano or Dallas Pharmacy Transactions);

Jeffrey D. Sternklar, Esq.
May 30, 2018
Page 2

- Request #41 (All documents re White Winston disclosing to Armstrong the nature and extent of its financial and/or business relationship with QVL);
- Requests #45-46 (All documents re "local physicians" identified in Paragraph 38 of the Third-Party Complaint);
- Requests #47-49 (All documents re White Winston's contention that sales and marketing efforts were focused on generating business for the Plano Pharmacy rather than the Dallas Pharmacy);
- Requests #50-51 (All documents re number and value of prescriptions filled by the Plano and Dallas Pharmacies from January 1, 2014 to present);
- Request #53 (All documents re loss or damages sustained by White Winston as alleged in the Third-Party Complaint);
- Request #54 (All documents demonstrating that Armstrong caused damages and/or financial harm to collateral associated with the Dallas Pharmacy Transaction);
- Requests #57-58 (All documents re lawsuits filed against White Winston and/or Todd Enright by any entity concerning commercial lending transactions from January 1, 2010 to the present);
- Request #59 (All documents re QVL bankruptcy proceedings);
- Request #60 (All documents re your allegations that Armstrong acted in bad faith or breached the implied covenant of good faith and fair dealing);
- Request #61 (All documents re your allegations that Armstrong acted in violation of G.L. c. 93A, §11); and
- Request #62 (All documents re names and addresses of individuals with discoverable information re allegations in First Amended Complaint and/or Third-Party Complaint).

Jeffrey D. Sternklar, Esq.
May 30, 2018
Page 3

      Please provide these documents to us or provide us with a list of all documents withheld as per Instructions #1 and #2 in Plaintiff's First Set of Requests for Production of Documents to Defendant/Third-Party Plaintiff and the Court's Order and Discovery Plan for Electronically Stored Information at ¶ 1. Thank you.

      Sincerely,

      *Pat*

      Patrick T. Clendenen
      Attorney at Law

PTC/hws