**<u>EXHIBIT F</u>**

# CLENDENEN & SHEA, LLC

Attorneys at Law

William H. Clendenen, Jr.
Kevin C. Shea
Patrick T. Clendenen
Charles J. Donato
Benjamin H. Levites
Joseph  E. Boccia

400 Orange Street
New Haven, Connecticut 06511

Telephone 203-787-1183
Telecopier 203-787-2847
E-Mail: office @clenlaw.com

Lynne M. Tourville
Nadine P. Toce
Carolann J. Coury
Legal Assistants

July 13, 2020

**BY E-MAIL AND REGULAR MAIL**

Jeffrey D. Sternklar, Esq.
225 Franklin Street, 26th Floor
Boston, MA 02110
jeffrey@sternklarlaw.com

Re:  Subpoenas

Dear Jeffrey:

Enclosed please find Plaintiffs' Notice of Intent to Subpoena and Request Production of Documents for the following entity and individual, along with copies of the subpoenas:

- Hillcrest Capital Advisors, Inc., through its Registered Agent, Robert Mahoney;
- Hillcrest Capital Advisors, Inc., through its President, Robert Mahoney; and
- Robert Mahoney.

Under the Court's June 23, 2020 Order, I plan to serve these on Monday, July 20, 2020.

Sincerely,

Patrick T. Clendenen
Attorney at Law

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| Grant Armstrong and Armstrong RX GP, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  C.A. No. 1:16-cv-10666-JGD |
| White Winston Select Asset Funds, LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Robert Mahoney
2 Fairchild Circle, Trumbull CT 06611

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place: Clendenen & Shea, LLC, 400 Orange Street, New Haven, CT 06511 | Date and Time:<br><br>08/10/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/13/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs, Grant Armstrong and Armstrong RX GP, LLC , who issues or requests this subpoena, are:

Patrick T. Clendenen, 400 Orange Street, New Haven, CT 06511, ptc@clenlaw.com, (203) 787-1183

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   C.A. No. 1:16-cv-10666-JGD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**
**(HILLCREST CAPITAL ADVISORS, INC.)**

**INSTRUCTIONS**

1.      Under Fed. R. Civ. P. 26(b)(5)(A), if any information that is otherwise discoverable under this *Subpoena* is withheld under to a claim of privilege or protection, you are required to: (a) expressly make the claim and (b) describe the nature of each document, communication, or tangible thing not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

2.      If you are aware that a document, communication, or thing once existed, but has been deleted, lost, or destroyed, you are requested to identify specifically such document, communication, or thing, when such document, communication, or thing was deleted, lost or destroyed, the reason for such deletion, loss, or destruction, and the circumstances under which such deletion, loss, or destruction occurred.

3.      The Requests under this *Subpoena* include all documents, communications, and things within the possession, custody, or control of the subpoenaed person or entity, its agents, accountants, employees, and/or attorneys.

**DEFINITIONS**

A.      The definitions set forth in Local Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.

B.      The term "Armstrong" refers to Grant W. Armstrong.

C.      The term "White Winston" refers to White Winston Select Asset Funds, LLC and includes its officers, directors, principals, managers, employees, agents, representatives, and/or all persons acting or purporting to act on its behalf.

D.      The term "QVL" refers to QVL Pharmacy Holdings, Inc. and includes its officers, directors, principals, managers, employees, agents, representatives, and/or all persons

acting or purporting to act on its behalf, and shall also refer to all subsidiary, sister, or affiliate entities, including, without limitation, QVL Pharmacy #142 GP, LLC, and QVL Pharmacy #142, LP.

E.     The term "Dallas Pharmacy" shall refer to a certain retail pharmacy and compounding center previously located at 11613 N. Central Expressway, Suite 114, Dallas, Texas.

F.     The term "Loan Agreement" shall refer to the *Loan Agreement* by and among Armstrong RX II GP LLC, Grant Watson Armstrong, and White Winston Select Asset Funds, LLC dated as of May 29, 2014.

G.     The terms "Term Loan" and "Revolving Loan" and "Drawdown Request" shall have the meaning set forth in the Loan Agreement.

H.     The term "Hillcrest Capital" or "you" refers to Hillcrest Capital Advisors and its President Robert Mahoney.

### DOCUMENTS REQUESTED

1.    All documents, including drafts, drafts schedules, and correspondence, concerning the amortization of the Term Loan and Revolving Loan.

2.    All documents, including drafts and correspondence, concerning balance sheets and financial statements for the Dallas Pharmacy.

3.    All documents, including drafts and correspondence, concerning monitoring fees assessed by Hillcrest Capital under the Revolving Loan.

4.    All invoices submitted to Armstrong RX II, LP or Armstrong, White Winston, and QVL.

5.    All documents, including drafts and correspondence, concerning tax returns and journal entries for Armstrong RX II, LP.

6.    All documents, including drafts and correspondence, concerning Drawdown Requests.

7.    All documents, including drafts and correspondence, concerning financial accounting and administrative matters as they relate to the Dallas Pharmacy operations of Armstrong RX II, LP.

8.    All documents, including drafts and correspondence, concerning annual reports filed with any state or federal regulatory agency prepared for Armstrong RX II, LP.

9.    All documents, including drafts and correspondence, concerning any consulting agreement or other agreement entered into between Hillcrest Capital and Armstrong RX II, LP, White Winston, and QVL.

10.    All documents, including drafts and correspondence, concerning the TexasRX Investment Trust subscription documents, presentation and deck.

11.    All documents, including drafts and correspondence, prepared by you as the administrative agent for QVL Pharmacy Holdings, Inc. and its subsidiaries, concerning a Fifth Amendment to Forbearance Agreement, Loan Agreement and Prime Vendor Agreement dated as

of July 28, 2014 by and among Amerisource Bergen Drug Corporation, QVL Pharmacy Holdings, Inc. and certain of its subsidiaries and/or affiliates.

12.     All documents, including drafts and correspondence, prepared by you as the administrative agent for QVL Pharmacy Holdings, Inc. and its subsidiaries, concerning an Amended and Restated Intercreditor Agreement, dated as of July 28, 2014, by and among Amerisource Bergen Drug Corporation, White Winston Select Asset Funds, LLC, QVL Pharmacy Holdings, Inc., and certain of its subsidiaries and/or affiliates.

13.     All documents, including drafts and correspondence, concerning a Transition Services Agreement dated as of May 29, 2014, by and among QVL Pharmacy Holdings, Inc., QVL Pharmacy #142 LP, Armstrong Rx II GP LLC, and Grant Armstrong, including but not limited to the preparation of statements and invoices to the Dallas Pharmacy under that Transition Services Agreement, the payment or nonpayment of invoiced amounts due the Dallas Pharmacy under that Transition Services Agreement, the cost of purchases, goods and services invoiced to the Dallas Pharmacy under that Transition Services Agreement, and the amounts purportedly credited to the Dallas Pharmacy under that Transition Services Agreement.

14.     All documents, including drafts and correspondence, concerning orders and purchases by the Dallas Pharmacy from AmerisourceBergen Drug Company and rebates and payments to the Dallas Pharmacy from AmerisourceBergen Drug Company, including but not limited to the placement, hold, and release of orders and purchases by the Dallas Pharmacy and the payment, delay of payment, or nonpayment of amounts due the Dallas Pharmacy.

15.     All documents, including drafts and correspondence, concerning the Dallas Pharmacy produced to you by QVL or any of its agents after QVL filed for bankruptcy on December 29, 2015.

16.     All documents, including drafts and correspondence, concerning transfers from any account at Boston Private Bank & Trust Company for which you signed an Account Agreement, Corporate Authorization, Corporate Resolution, and/or Wire Transfer Authorization,

and/or for which you were designated an Account Owner, Authorized Representative and/or Authorized Signer, to any Dallas Pharmacy account at Boston Private Bank & Trust Company.

17.     All written correspondence, including e-mails, messages, and text messages, between any officer, agent, employee, and/or representative of Hillcrest Capital Advisors, Inc., including but not limited to you, and any other person or entity, including White Winston, Todd Enright, Robert Mahoney, Donald Feagan, Mark Blundell, QVL, Stephen Cox, Chad Collins, Sandra Gonzales, Joyce Montgomery, Grant Armstrong, AmerisourceBergen Drug Company, Val Osipov, Monique Perez, Marlene Diaz, Roger McMullen, Alejandro Satizabal, Karen Watson, and Robert Allberry concerning:

    a.   the Dallas Pharmacy Transaction;

    b.   the Dallas Pharmacy;

    c.   the Dallas Lockbox;

    d.   "Dallas TSA"

    e.   "TSA for Dallas"

    f.   "TSA Store 142"

    g.   "Dallas note"

    h.   "Dallas notes"

    i.   "Accounting Fees"

    j.   "Monitoring Fees"

    k.   "Draw request Dallas"

    l.   "Armstrong Rx"

    m.   "Central pay – Dallas"

    n.   "Central pay –deposits Dallas"

    o.   "Dallas deposits"

    p.   "Dallas advance"

    q.   "Dallas payroll"

r.   "Dallas deck"

s.   "Dallas Draw"

t.   "Financials YTD"

u.   "Balance Sheet and Income Statement"

v.   "Dallas financials"

w.   "ABC payment for Dallas"

x.   "Dallas ABC payment"

y.   "ABC Purchases"

z.   "ABC payment"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Massachusetts

| | |
|---|---|
| Grant Armstrong and Armstrong RX GP, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| White Winston Select Asset Funds, LLC | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   C.A. No. 1:16-cv-10666-JGD

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         Robert Mahoney
                              2 Fairchild Circle, Trumbull CT 06611

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place: Clendenen & Shea, LLC, 400 Orange Street, New Haven, CT 06511 | Date and Time:<br><br>08/10/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/13/2020

                    *CLERK OF COURT*
                                                    OR

_____            _____
      *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs,
Grant Armstrong and Armstrong RX GP, LLC                              , who issues or requests this subpoena, are:
Patrick T. Clendenen, 400 Orange Street, New Haven, CT 06511, ptc@clenlaw.com, (203) 787-1183

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   C.A. No. 1:16-cv-10666-JGD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                                                *Server's signature*

                                                   _____
                                                                *Printed name and title*

                                                   _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**
**(HILLCREST CAPITAL ADVISORS, INC.)**

**INSTRUCTIONS**

1.      Under Fed. R. Civ. P. 26(b)(5)(A), if any information that is otherwise discoverable under this *Subpoena* is withheld under to a claim of privilege or protection, you are required to: (a) expressly make the claim and (b) describe the nature of each document, communication, or tangible thing not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

2.      If you are aware that a document, communication, or thing once existed, but has been deleted, lost, or destroyed, you are requested to identify specifically such document, communication, or thing, when such document, communication, or thing was deleted, lost or destroyed, the reason for such deletion, loss, or destruction, and the circumstances under which such deletion, loss, or destruction occurred.

3.      The Requests under this *Subpoena* include all documents, communications, and things within the possession, custody, or control of the subpoenaed person or entity, its agents, accountants, employees, and/or attorneys.

**DEFINITIONS**

A.      The definitions set forth in Local Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.

B.      The term "Armstrong" refers to Grant W. Armstrong.

C.      The term "White Winston" refers to White Winston Select Asset Funds, LLC and includes its officers, directors, principals, managers, employees, agents, representatives, and/or all persons acting or purporting to act on its behalf.

D.      The term "QVL" refers to QVL Pharmacy Holdings, Inc. and includes its officers, directors, principals, managers, employees, agents, representatives, and/or all persons

1

acting or purporting to act on its behalf, and shall also refer to all subsidiary, sister, or affiliate entities, including, without limitation, QVL Pharmacy #142 GP, LLC, and QVL Pharmacy #142, LP.

E.　　　The term "Dallas Pharmacy" shall refer to a certain retail pharmacy and compounding center previously located at 11613 N. Central Expressway, Suite 114, Dallas, Texas.

F.　　　The term "Loan Agreement" shall refer to the *Loan Agreement* by and among Armstrong RX II GP LLC, Grant Watson Armstrong, and White Winston Select Asset Funds, LLC dated as of May 29, 2014.

G.　　　The terms "Term Loan" and "Revolving Loan" and "Drawdown Request" shall have the meaning set forth in the Loan Agreement.

H.　　　The term "Hillcrest Capital" or "you" refers to Hillcrest Capital Advisors and its President Robert Mahoney.

### DOCUMENTS REQUESTED

1.      All documents, including drafts, drafts schedules, and correspondence, concerning the amortization of the Term Loan and Revolving Loan.

2.      All documents, including drafts and correspondence, concerning balance sheets and financial statements for the Dallas Pharmacy.

3.      All documents, including drafts and correspondence, concerning monitoring fees assessed by Hillcrest Capital under the Revolving Loan.

4.      All invoices submitted to Armstrong RX II, LP or Armstrong, White Winston, and QVL.

5.      All documents, including drafts and correspondence, concerning tax returns and journal entries for Armstrong RX II, LP.

6.      All documents, including drafts and correspondence, concerning Drawdown Requests.

7.      All documents, including drafts and correspondence, concerning financial accounting and administrative matters as they relate to the Dallas Pharmacy operations of Armstrong RX II, LP.

8.      All documents, including drafts and correspondence, concerning annual reports filed with any state or federal regulatory agency prepared for Armstrong RX II, LP.

9.      All documents, including drafts and correspondence, concerning any consulting agreement or other agreement entered into between Hillcrest Capital and Armstrong RX II, LP, White Winston, and QVL.

10.     All documents, including drafts and correspondence, concerning the TexasRX Investment Trust subscription documents, presentation and deck.

11.     All documents, including drafts and correspondence, prepared by you as the administrative agent for QVL Pharmacy Holdings, Inc. and its subsidiaries, concerning a Fifth Amendment to Forbearance Agreement, Loan Agreement and Prime Vendor Agreement dated as

of July 28, 2014 by and among Amerisource Bergen Drug Corporation, QVL Pharmacy Holdings, Inc. and certain of its subsidiaries and/or affiliates.

12.     All documents, including drafts and correspondence, prepared by you as the administrative agent for QVL Pharmacy Holdings, Inc. and its subsidiaries, concerning an Amended and Restated Intercreditor Agreement, dated as of July 28, 2014, by and among Amerisource Bergen Drug Corporation, White Winston Select Asset Funds, LLC, QVL Pharmacy Holdings, Inc., and certain of its subsidiaries and/or affiliates.

13.     All documents, including drafts and correspondence, concerning a Transition Services Agreement dated as of May 29, 2014, by and among QVL Pharmacy Holdings, Inc., QVL Pharmacy #142 LP, Armstrong Rx II GP LLC, and Grant Armstrong, including but not limited to the preparation of statements and invoices to the Dallas Pharmacy under that Transition Services Agreement, the payment or nonpayment of invoiced amounts due the Dallas Pharmacy under that Transition Services Agreement, the cost of purchases, goods and services invoiced to the Dallas Pharmacy under that Transition Services Agreement, and the amounts purportedly credited to the Dallas Pharmacy under that Transition Services Agreement.

14.     All documents, including drafts and correspondence, concerning orders and purchases by the Dallas Pharmacy from AmerisourceBergen Drug Company and rebates and payments to the Dallas Pharmacy from AmerisourceBergen Drug Company, including but not limited to the placement, hold, and release of orders and purchases by the Dallas Pharmacy and the payment, delay of payment, or nonpayment of amounts due the Dallas Pharmacy.

15.     All documents, including drafts and correspondence, concerning the Dallas Pharmacy produced to you by QVL or any of its agents after QVL filed for bankruptcy on December 29, 2015.

16.     All documents, including drafts and correspondence, concerning transfers from any account at Boston Private Bank & Trust Company for which you signed an Account Agreement, Corporate Authorization, Corporate Resolution, and/or Wire Transfer Authorization,

and/or for which you were designated an Account Owner, Authorized Representative and/or Authorized Signer, to any Dallas Pharmacy account at Boston Private Bank & Trust Company.

17.     All written correspondence, including e-mails, messages, and text messages, between any officer, agent, employee, and/or representative of Hillcrest Capital Advisors, Inc., including but not limited to you, and any other person or entity, including White Winston, Todd Enright, Robert Mahoney, Donald Feagan, Mark Blundell, QVL, Stephen Cox, Chad Collins, Sandra Gonzales, Joyce Montgomery, Grant Armstrong, AmerisourceBergen Drug Company, Val Osipov, Monique Perez, Marlene Diaz, Roger McMullen, Alejandro Satizabal, Karen Watson, and Robert Allberry concerning:

     a.   the Dallas Pharmacy Transaction;

     b.   the Dallas Pharmacy;

     c.   the Dallas Lockbox;

     d.   "Dallas TSA"

     e.   "TSA for Dallas"

     f.   "TSA Store 142"

     g.   "Dallas note"

     h.   "Dallas notes"

     i.   "Accounting Fees"

     j.   "Monitoring Fees"

     k.   "Draw request Dallas"

     l.   "Armstrong Rx"

     m.   "Central pay – Dallas"

     n.   "Central pay –deposits Dallas"

     o.   "Dallas deposits"

     p.   "Dallas advance"

     q.   "Dallas payroll"

r.   "Dallas deck"

s.   "Dallas Draw"

t.   "Financials YTD"

u.   "Balance Sheet and Income Statement"

v.   "Dallas financials"

w.   "ABC payment for Dallas"

x.   "Dallas ABC payment"

y.   "ABC Purchases"

z.   "ABC payment"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Massachusetts

| | | |
|---|---|---|
| Grant Armstrong and Armstrong RX GP, LLC | ) | |
| *Plaintiff* | ) | Civil Action No.   C.A. No. 1:16-cv-10666-JGD |
| v. | ) | |
| White Winston Select Asset Funds, LLC | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Robert Mahoney
                    2 Fairchild Circle, Trumbull CT 06611

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place: Clendenen & Shea, LLC, 400 Orange Street, New Haven, CT 06511 | Date and Time: 08/10/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/13/2020

CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs, Grant Armstrong and Armstrong RX GP, LLC                        , who issues or requests this subpoena, are:

Patrick T. Clendenen, 400 Orange Street, New Haven, CT 06511, ptc@clenlaw.com, (203) 787-1183

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   C.A. No. 1:16-cv-10666-JGD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                                *Server's signature*

                                                      _____
                                                                *Printed name and title*

                                                      _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**
**(ROBERT MAHONEY)**

**INSTRUCTIONS**

1.      Under Fed. R. Civ. P. 26(b)(5)(A), if any information that is otherwise discoverable under this *Subpoena* is withheld under to a claim of privilege or protection, you are required to: (a) expressly make the claim and (b) describe the nature of each document, communication, or tangible thing not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

2.      If you are aware that a document, communication, or thing once existed, but has been deleted, lost, or destroyed, you are requested to identify specifically such document, communication, or thing, when such document, communication, or thing was deleted, lost or destroyed, the reason for such deletion, loss, or destruction, and the circumstances under which such deletion, loss, or destruction occurred.

3.      The Requests under this *Subpoena* include all documents, communications, and things within the possession, custody, or control of the subpoenaed person or entity, its agents, accountants, employees, and/or attorneys.

**DEFINITIONS**

A.      The definitions set forth in Local Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference.

B.      The term "Armstrong" refers to Grant W. Armstrong.

C.      The term "White Winston" refers to White Winston Select Asset Funds, LLC and includes its officers, directors, principals, managers, employees, agents, representatives, and/or all persons acting or purporting to act on its behalf.

D.      The term "QVL" refers to QVL Pharmacy Holdings, Inc. and includes its officers, directors, principals, managers, employees, agents, representatives, and/or all persons

acting or purporting to act on its behalf, and shall also refer to all subsidiary, sister, or affiliate entities, including, without limitation, QVL Pharmacy #142 GP, LLC, and QVL Pharmacy #142, LP.

E.      The term "Dallas Pharmacy" shall refer to a certain retail pharmacy and compounding center previously located at 11613 N. Central Expressway, Suite 114, Dallas, Texas.

F.      The term "Loan Agreement" shall refer to the *Loan Agreement* by and among Armstrong RX II GP LLC, Grant Watson Armstrong, and White Winston Select Asset Funds, LLC dated as of May 29, 2014.

G.      The terms "Term Loan" and "Revolving Loan" and "Drawdown Request" shall have the meaning set forth in the Loan Agreement.

H.      The term "Hillcrest Capital" or "you" refers to Hillcrest Capital Advisors and its President Robert Mahoney.

### DOCUMENTS REQUESTED

1.      All documents, including drafts, drafts schedules, and correspondence, concerning the amortization of the Term Loan and Revolving Loan.

2.      All documents, including drafts and correspondence, concerning balance sheets and financial statements for the Dallas Pharmacy.

3.      All documents, including drafts and correspondence, concerning monitoring fees assessed by Hillcrest Capital under the Revolving Loan.

4.      All invoices submitted to Armstrong RX II, LP or Armstrong, White Winston, and QVL.

5.      All documents, including drafts and correspondence, concerning tax returns and journal entries for Armstrong RX II, LP.

6.      All documents, including drafts and correspondence, concerning Drawdown Requests.

7.      All documents, including drafts and correspondence, concerning financial accounting and administrative matters as they relate to the Dallas Pharmacy operations of Armstrong RX II, LP.

8.      All documents, including drafts and correspondence, concerning annual reports filed with any state or federal regulatory agency prepared for Armstrong RX II, LP.

9.      All documents, including drafts and correspondence, concerning any consulting agreement or other agreement entered into between Hillcrest Capital and Armstrong RX II, LP, White Winston, and QVL.

10.     All documents, including drafts and correspondence, concerning the TexasRX Investment Trust subscription documents, presentation and deck.

11.     All documents, including drafts and correspondence, prepared by you as the administrative agent for QVL Pharmacy Holdings, Inc. and its subsidiaries, concerning a Fifth Amendment to Forbearance Agreement, Loan Agreement and Prime Vendor Agreement dated as

3

of July 28, 2014 by and among Amerisource Bergen Drug Corporation, QVL Pharmacy Holdings, Inc. and certain of its subsidiaries and/or affiliates.

12.     All documents, including drafts and correspondence, prepared by you as the administrative agent for QVL Pharmacy Holdings, Inc. and its subsidiaries, concerning an Amended and Restated Intercreditor Agreement, dated as of July 28, 2014, by and among Amerisource Bergen Drug Corporation, White Winston Select Asset Funds, LLC, QVL Pharmacy Holdings, Inc., and certain of its subsidiaries and/or affiliates.

13.     All documents, including drafts and correspondence, concerning a Transition Services Agreement dated as of May 29, 2014, by and among QVL Pharmacy Holdings, Inc., QVL Pharmacy #142 LP, Armstrong Rx II GP LLC, and Grant Armstrong, including but not limited to the preparation of statements and invoices to the Dallas Pharmacy under that Transition Services Agreement, the payment or nonpayment of invoiced amounts due the Dallas Pharmacy under that Transition Services Agreement, the cost of purchases, goods and services invoiced to the Dallas Pharmacy under that Transition Services Agreement, and the amounts purportedly credited to the Dallas Pharmacy under that Transition Services Agreement.

14.     All documents, including drafts and correspondence, concerning orders and purchases by the Dallas Pharmacy from AmerisourceBergen Drug Company and rebates and payments to the Dallas Pharmacy from AmerisourceBergen Drug Company, including but not limited to the placement, hold, and release of orders and purchases by the Dallas Pharmacy and the payment, delay of payment, or nonpayment of amounts due the Dallas Pharmacy.

15.     All documents, including drafts and correspondence, concerning the Dallas Pharmacy produced to you by QVL or any of its agents after QVL filed for bankruptcy on December 29, 2015.

16.     All documents, including drafts and correspondence, concerning transfers from any account at Boston Private Bank & Trust Company for which you signed an Account Agreement, Corporate Authorization, Corporate Resolution, and/or Wire Transfer Authorization,

and/or for which you were designated an Account Owner, Authorized Representative and/or Authorized Signer, to any Dallas Pharmacy account at Boston Private Bank & Trust Company.

17.     All written correspondence, including e-mails, messages, and text messages, between any officer, agent, employee, and/or representative of Hillcrest Capital Advisors, Inc., including but not limited to you, and any other person or entity, including White Winston, Todd Enright, Robert Mahoney, Donald Feagan, Mark Blundell, QVL, Stephen Cox, Chad Collins, Sandra Gonzales, Joyce Montgomery, Grant Armstrong, AmerisourceBergen Drug Company, Val Osipov, Monique Perez, Marlene Diaz, Roger McMullen, Alejandro Satizabal, Karen Watson, and Robert Allberry concerning:

    a.   the Dallas Pharmacy Transaction;

    b.   the Dallas Pharmacy;

    c.   the Dallas Lockbox;

    d.   "Dallas TSA"

    e.   "TSA for Dallas"

    f.   "TSA Store 142"

    g.   "Dallas note"

    h.   "Dallas notes"

    i.   "Accounting Fees"

    j.   "Monitoring Fees"

    k.   "Draw request Dallas"

    l.   "Armstrong Rx"

    m.   "Central pay – Dallas"

    n.   "Central pay –deposits Dallas"

    o.   "Dallas deposits"

    p.   "Dallas advance"

    q.   "Dallas payroll"

r.  "Dallas deck"

s.  "Dallas Draw"

t.  "Financials YTD"

u.  "Balance Sheet and Income Statement"

v.  "Dallas financials"

w.  "ABC payment for Dallas"

x.  "Dallas ABC payment"

y.  "ABC Purchases"

z.  "ABC payment"