**EXHIBIT L**

# CLENDENEN & SHEA, LLC
Attorneys at Law

400 Orange Street
New Haven, Connecticut 06511

William H. Clendenen, Jr.
Kevin C. Shea
Patrick T. Clendenen
Charles J. Donato
Benjamin H. Levites
Joseph E. Boccia

Telephone 203-787-1183
Telecopier 203-787-2847
E-Mail: office@clenlaw.com

Lynne M. Tourville
Nadine P. Toce
Carolann J. Coury
Legal Assistants

August 5, 2020

**BY E-MAIL AND REGULAR MAIL**

Jeffrey D. Sternklar, Esq.
225 Franklin Street, 26th Floor
Boston, MA 02110
jeffrey@sternklarlaw.com

    Re:    <u>Armstrong RX GP, LLC et al. v. White Winston Select Asset Funds, LLC et al., No. 16-10666-JGD (USDC MA)White Winston Select Asset Funds, LLC Additional Documents, Privilege Log, Information and Documentation from Boston Private Bank & Trust, Subpoenas to Hillcrest Capital Advisors, Inc.</u>

Dear Jeffrey:

This letter is addressed to your letter dated July 29, 2020 concerning our July 8, 20 and 21, 2020 correspondence.

### A. July 20, 2020 Letter (Additional Documents)

On March 15, 2018, White Winston represented that it would produce documents withheld entirely or redacted on the basis of the pending motion to dismiss. On June 9, 2020, White Winston represented that it would produce those same documents forthwith once financial discovery is not stayed. The motion to dismiss has been decided and the financial discovery is no longer stayed. These documents have been identified by White Winston as relevant but not produced for two years. Please provide *all* documents previously withheld by August 14, 2020.

White Winston also represented that Todd Enright has no responsive text messages beyond those he has already produced. Is it White Winston's position that Mr. Enright never exchanged any text messages relating to the Dallas Pharmacy with any individual other than Mr. Armstrong? If so, please confirm in writing for the record. If not, please provide all responsive text messages consistent with the Court's May 17, 2017 Order by August 14, 2020. Dkt. 85 at 2.

Jeffrey Sternklar, Esq.
August 5, 2020
Page Two

### B. July 21, 2020 Letter (Privilege Log)

White Winston's privilege log failed to identify specific claims of privilege as required by the Rules. Please provide a revised privilege log identifying the specific claims of privilege by August 14, 2020.

The documents identified in the July 21, 2020 correspondence concerning White Winston's privilege log are not attorney-client privileged communications nor are they documents prepared in anticipation of litigation for trial by White Winston. Accordingly, please provide the documents identified in the July 21, 2020 correspondence by August 14, 2020.

### C. July 21, 2020 Letter (Documentation from Boston Private B&T)[1]

The spreadsheet you attached to your July 14, 2020 letter includes an amortization schedule listing, among other things, lender advances by White Winston. Those individual spreadsheet entries aggregated weekly lender advances by White Winston. In the July 21, 2020 correspondence, Armstrong requested additional information about these individual spreadsheet entries. This is precisely what the Court's June 23, 2020 Order expressly invited when it ordered that the plaintiff "may request additional information about specific transactions identified in the spreadsheets the defendants recently provided." Dkt. 162 at 2. Accordingly, Armstrong's request falls squarely within the ambit of the Order.

In view of the spreadsheet White Winston attached to the July 29, 2020 correspondence, it cannot credibly insist that none of its withdrawals from the Dallas Lockbox were characterized as advances in the amortization spreadsheets previously produced by White Winston. Again, by way of example, the August 14, 2014 withdrawal from the Dallas Lockbox directly into White Winston's Operating Account of $1,930.93, referenced in both Armstrong's July 8, 2020 and July 21, 2020 correspondence, appears in the spreadsheet attached to White Winston's July 29, 2020 Correspondence as "Lender's incurred travel expenses per White Winston Inv #37." This withdrawal from the Dallas Lockbox Account into a White Winston account, as well as the others identified in the July 8, 2020 correspondence, are identified as disaggregated

---

[1] This letter was mailed to you on July 21, 2020 and contrary to your letter, emailed to you on July 22, 2020.

Jeffrey Sternklar, Esq.
August 5, 2020
Page Three

lender advances in the "Lender Advances for Costs, Fees & Funding to or f/b/o Borrower" attached to the July 29, 2020 correspondence.

Further, the spreadsheet attached to the July 29, 2020 correspondence does not include transactions through the week including July 1, 2015. Please provide an updated spreadsheet including the week of July 1, 2015.

Finally, the supporting documentation used to prepare the summary amortization schedules—including but not limited to drawdown requests and authorizations, invoices, receipts, cancelled checks, and correspondence concerning the withdrawals identified in the July 8, 2020 letter—has been requested since June 21, 2018. This documentation is unquestionably important to Armstrong's claims. This documentation should have been previously identified, retrieved and produced during this litigation, and any additional burden in identifying, retrieving and producing these documents must accordingly be borne by White Winston. Please provide all of these documents by August 14, 2020.

### D. Your Response to My July 20, 2020 Letter (Hillcrest Capital)

Upon receipt of your July 20, 2020 letter, I emailed you to confirm whether you were representing Robert Mahoney and received no response. Accordingly, consistent with the Court's June 28, 2020 Order, Armstrong sent the subpoenas to a Marshall for service on nonparties Robert Mahoney and Hillcrest Capital Advisors, Inc.

The subpoenas request documents and records that are relevant to this litigation and not unduly burdensome to produce. In view of Mr. Mahoney's vacation and his absence from the State of Connecticut, and the fact that the business address Hillcrest Capital Advisors, Inc. has currently registered with the State of Connecticut is defunct, Armstrong agrees to your acceptance of service on behalf of Mr. Mahoney as of today's date, August 5, 2020. Consistent with the Court's June 28, 2020 Order, please provide a written objection to the subpoena, if any, by August 12, 2020. Armstrong will respond to any subsequent motion as and when appropriate.

### E. Additional Discovery Requests

Clendenen & Shea, LLC does not represent Mr. Cox and is not aware if

Jeffrey Sternklar, Esq.
August 5, 2020
Page Four

he is represented at this time. Armstrong will object and respond to further discovery requests from White Winston as appropriate when served.

    The Court denied White Winston's Motion to Dismiss on March 23, 2020, and ordered that discovery proceed in the usual order on June 23, 2020. Fact discovery must be completed by all the parties by December 4, 2020. Many of these documents requested and subpoenaed have been outstanding for years. Please produce the requested documents on or before August 14, 2020.

                          Sincerely,

                          Patrick T. Clendenen
                          Attorney at Law

PTC/lmt