**<u>EXHIBIT M</u>**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| GRANT ARMSTRONG AND ARMSTRONG RX GP, LLC | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | |
| WHITE WINSTON SELECT ASSET FUNDS, LLC | ) ) ) | C. A. No. 1:16-cv-10666-JGD |
| | ) ) | |
| Defendant/Third Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ARMSTRONG RX II GP, LLC AND ARMSTRONG RX II, LP, | ) ) ) | |
| Third Party Defendants. | ) ) | |

**HILLCREST CAPITAL ADVISORS, INC.'S RESPONSES TO PLAINTIFF GRANT ARMSTRONG'S SUBPOENA WITH REQUEST FOR DOCUMENTS**

Pursuant to Fed. R. Civ. P. 45, Hillcrest Capital Advisors, Inc. ("Hillcrest") responds and objects to the subpoena dated July 21, 2020 to Hillcrest Capital Advisors, Inc., through its President, Robert P. Mahoney (the "Subpoena") and the document requests appended thereto (the "Requests") propounded by Grant W. Armstrong and Armstrong RX GP, LLC (collectively "Armstrong") as set forth below.

**GENERAL OBJECTIONS**

1.      Hillcrest's General Objections are incorporated by reference into each of its responses, and where applicable to the Definitions and Instructions, as if set forth separately therein.  Hillcrest responds to these Requests based on its present knowledge and the documents

1

and things presently in its possession.  Hillcrest reserves the right to later supplement or amend these answers and responses.

2.      Hillcrest objects to the Requests and the accompanying definitions and instructions to the extent that they exceed or conflict with Hillcrest's obligations under the applicable Federal Rules of Civil Procedure and the local rules of the United States District Court for the District of Massachusetts.

3.      Hillcrest objects to the Requests to the extent that they seek any documents or things that are protected from discovery by the attorney-client privilege, the work-product doctrine and/or any other applicable privilege or immunity.  To the extent that any such privileged or protected information is disclosed, such disclosure will have been inadvertent and is not intended as, nor should it be deemed to be, a waiver of any privilege or protection.  Where appropriate, documents and things protected from discovery in this fashion will be identified on a privilege log, in accordance with applicable laws and standards.

4.      Hillcrest objects to each instruction, definition, or Request to the extent that it purports to seek or require Hillcrest to produce or provide documents or information that are not within its possession, custody, or control.

5.      Hillcrest objects to the Requests to the extent that they are vague and ambiguous, contain terms that are undefined or incorrectly defined as a matter of fact, and are susceptible to multiple meanings.

6.      Hillcrest objects to the Requests to the extent that they seek information, documents, and electronically stored information that is equally accessible to Armstrong.

7.      Hillcrest objects to the Requests to the extent that they impose an undue burden and expense on Hillcrest, particularly in light of the Covid-19 pandemic as its office staff is unable to

assist Mr. Mahoney in responding to the Requests or compiling the documents responsive to these Requests.

8.      Hillcrest objects to the Requests to the extent they exceed the two categories of requests that Armstrong falsely represented to the Court previously (Docket Number 160, at 9) that he intended to subpoena from Hillcrest and from Mr. Mahoney.

9.      Hillcrest objects to the Requests to the extent that they seek documents that were previously produced by White Winston Select Asset Funds, LLC ("White Winston").

10.      By stating that Hillcrest will produce any documents and/or things responsive to a particular request, Hillcrest does not represent that any such documents are within its possession, custody, or control.  Hillcrest will produce all documents located as a result of a reasonable, good faith search.  To the extent that Hillcrest provides documents and things in response to these Requests, Hillcrest does not concede that the documents and/or things provided are authentic as to origin or date, or relevant to this action or to any issue properly raised.  Hillcrest expressly reserves the right to object to further discovery into the subject matter of the Subpoena and Requests.

11.      Specific Objections are noted in responses where applicable, without waiver of the General Objections.  The assertion of certain General Objections as Specific Objections in response to some Requests and not others does not waive the General Objection.  Further, whether stated in a response or not, to the extent that a response is provided in spite of an objection, such response does not waive the objection made, and Hillcrest expressly reserves the right to make such objections at a later date.  The presence or absence of any General or Specific Objections to any response does not mean that Hillcrest does not object upon any other grounds.

12.      Hillcrest expressly reserves the right to supplement its production of documents.

REQUEST NO. 1

All documents, including drafts, drafts schedules, and correspondence, concerning the amortization of the Term Loan and Revolving Loan.

RESPONSE NO. 1

Hillcrest objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.  This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong, not previously produced by White Winston.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any.

REQUEST NO. 2

All documents, including drafts and correspondence, concerning balance sheets and financial statements for the Dallas Pharmacy.

RESPONSE NO. 2

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control.

REQUEST NO. 3

All documents, including drafts and correspondence, concerning monitoring fees assessed by Hillcrest Capital under the Revolving Loan.

RESPONSE NO. 3

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.  Hillcrest further objects to this Request on the grounds that it mischaracterizes and/or incorrectly describes any "monitoring fees."

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, not previously produced by White Winston.

REQUEST NO. 4

All invoices submitted to Armstrong RX II, LP or Armstrong, White Winston, and QVL.

RESPONSE NO. 4

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, not previously produced by White Winston, and that relate to the subject of this lawsuit, and only those documents that relate to its work with respect to Armstrong.

REQUEST NO. 5

All documents, including drafts and correspondence, concerning tax returns and journal entries for Armstrong RX II, LP.

RESPONSE NO. 5

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any.

REQUEST NO. 6

All documents, including drafts and correspondence, concerning Drawdown Requests.

RESPONSE NO. 6

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected

to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong, and that belong to White Winston.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, not previously produced by White Winston.

REQUEST NO. 7

All documents, including drafts and correspondence, concerning financial accounting and administrative matters as they relate to the Dallas Pharmacy operations of Armstrong RX II, LP.

RESPONSE NO. 7

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings, particularly with respect to the terms "financial accounting," "as they relate to" and "administrative matters." This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to White Winston or Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, not previously produced by White Winston.

REQUEST NO. 8

All documents, including drafts and correspondence, concerning annual reports filed with any state or federal regulatory agency prepared for Armstrong RX II, LP.

RESPONSE NO. 8

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest does not have any documents in its possession, custody, or control responsive to this Request.

REQUEST NO. 9

All documents, including drafts and correspondence, concerning any consulting agreement or other agreement entered into between Hillcrest Capital and Armstrong RX II, LP, White Winston, and QVL.

RESPONSE NO. 9

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings, particularly with respect to "other agreement." This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to White Winston.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, which relate to the matters that are the subject of this lawsuit, and only those documents that relate to its work with respect to Armstrong.  Hillcrest objects to this request and will not produce documents that do not relate to the matters that are the subject of this lawsuit.

REQUEST NO. 10

All documents, including drafts and correspondence, concerning the TexasRX Investment Trust subscription documents, presentation and deck.

RESPONSE NO. 10

Hillcrest objects to this Request on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties, including Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any.

REQUEST NO. 11

All documents, including drafts and correspondence, prepared by you as the administrative agent for QVL Pharmacy Holdings, Inc. and its subsidiaries, concerning a Fifth Amendment to Forbearance Agreement, Loan Agreement and Prime Vendor Agreement dated as of July 28, 2014 by and among Amerisource Bergen Drug Corporation, QVL Pharmacy Holdings, Inc. and certain of its subsidiaries and/or affiliates.

RESPONSE NO. 11

Hillcrest objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.  This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any.

REQUEST NO. 12

All documents, including drafts and correspondence, prepared by you as the administrative agent for QVL Pharmacy Holdings, Inc. and its subsidiaries, concerning an Amended and Restated Intercreditor Agreement, dated as of July 28, 2014, by and among Amerisource Bergen Drug Corporation, White Winston Select Asset Funds, LLC, QVL Pharmacy Holdings, Inc., and certain of its subsidiaries and/or affiliates.

RESPONSE NO. 12

Hillcrest objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.  This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong, including QVL Pharmacy Holdings, Inc., White Winston and Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest does not have any documents in its possession, custody, or control responsive to this Request.

REQUEST NO. 13

All documents, including drafts and correspondence, concerning a Transition Services Agreement dated as of May 29, 2014, by and among QVL Pharmacy Holdings, Inc., QVL Pharmacy #142 LP, Armstrong Rx II GP LLC, and Grant Armstrong, including but not limited to the preparation of statements and invoices to the Dallas Pharmacy under that Transition Services Agreement, the payment or nonpayment of invoiced amounts due the Dallas Pharmacy under that Transition Services Agreement, the cost of purchases, goods and services invoiced to the Dallas Pharmacy under that Transition Services Agreement, and the amounts purportedly credited to the Dallas Pharmacy under that Transition Services Agreement.

RESPONSE NO. 13

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties, including White Winston and Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, prior to December 31, 2015.  Hillcrest objects to the burdensome nature of this request and will not produce documents after December 31, 2015.

REQUEST NO. 14

All documents, including drafts and correspondence, concerning orders and purchases by the Dallas Pharmacy from AmerisourceBergen Drug Company and rebates and payments to the Dallas Pharmacy from AmerisourceBergen Drug Company, including but not limited to the placement, hold, and release of orders and purchases by the Dallas Pharmacy and the payment, delay of payment, or nonpayment of amounts due the Dallas Pharmacy.

RESPONSE NO. 14

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest does not have any documents in its possession, custody, or control responsive to this Request.

REQUEST NO. 15

All documents, including drafts and correspondence, concerning the Dallas Pharmacy produced to you by QVL or any of its agents after QVL filed for bankruptcy on December 29, 2015.

RESPONSE NO. 15

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties, including QVL, and are publicly available through the United States Bankruptcy Court.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any.

REQUEST NO. 16

All documents, including drafts and correspondence, concerning transfers from any account at Boston Private Bank & Trust Company for which you signed an Account Agreement, Corporate Authorization, Corporate Resolution, and/or Wire Transfer Authorization, and/or for which you were designated an Account Owner, Authorized Representative and/or Authorized Signer, to any Dallas Pharmacy account at Boston Private Bank & Trust Company. Authorized Signer, to any Dallas Pharmacy account at Boston Private Bank & Trust Company.

RESPONSE NO. 16

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope, and seeks production of documents that have nothing to do with the issues in dispute in this lawsuit. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties.  Hillcrest further objects to this Request on the grounds that it seeks to evade the limitations imposed on Armstrong's discovery of Boston Private Bank account statements and documents by the Court in prior orders.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, that relate to the subject matter of this lawsuit, and that are within the limitations imposed on Armstrong by the Court with respect to the scope of subpoenas for documents from Boston Private Bank; however, notwithstanding the foregoing,  Hillcrest will limit its production of documents to only the specific transactions requested by Attorney Clendenen's letter to Attorney Sternklar, dated July 8, 2020.

REQUEST NO. 17

All written correspondence, including e-mails, messages, and text messages, between any officer, agent, employee, and/or representative of Hillcrest Capital Advisors, Inc., including but not limited to you, and any other person or entity, including White Winston, Todd Enright, Robert Mahoney, Donald Feagan, Mark Blundell, QVL, Stephen Cox, Chad Collins, Sandra Gonzales, Joyce Montgomery, Grant Armstrong, AmerisourceBergen Drug Company, Val Osipov, Monique Perez, Marlene Diaz, Roger McMullen, Alejandro Satizabal, Karen Watson, and Robert Allberry concerning:

a. the Dallas Pharmacy Transaction;
b. the Dallas Pharmacy;
c. the Dallas Lockbox;
d. "Dallas TSA"
e. "TSA for Dallas"
f. "TSA Store 142"
g. "Dallas note"
h. "Dallas notes"
i. "Accounting Fees"
j. "Monitoring Fees"
k. "Draw request Dallas"
l. "Armstrong Rx"
m. "Central pay – Dallas"
n. "Central pay –deposits Dallas"
o. "Dallas deposits"
p. "Dallas advance"
q. "Dallas payroll"

r. "Dallas deck"
s. "Dallas Draw"
t. "Financials YTD"
u. "Balance Sheet and Income Statement"
v. "Dallas financials"
w. "ABC payment for Dallas"
x. "Dallas ABC payment"
y. "ABC Purchases"
z. "ABC payment"

RESPONSE NO. 17

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and White Winston.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, dated on or prior to December 31, 2015, that relate to the subject matter of this lawsuit, and only those documents that relate to its work with respect to Armstrong.  Additionally, Hillcrest will only produce emails to or from Robert Mahoney's Hillcrest email address (rmahoney@hillcrestco.com) relevant to this Request.  Hillcrest will also only produce Robert Mahoney's text messages relevant to this Request.  Hillcrest will produce those responsive, non-privileged, and relevant documents to this Request in its possession, custody, or control on a rolling basis.


Dated:  August 12, 2020                                    Respectfully Submitted,


                                                          /s/ Jeffrey D. Sternklar
                                                          Jeffrey D. Sternklar (BBO#549561)
                                                          JEFFREY D. STERNKLAR LLC
                                                          26th Floor
                                                          225 Franklin Street
                                                          Boston, MA  02110
                                                          Telephone:  (617) 396-4515
                                                          Facsimile:   (617) 507-6530
                                                          Email:  jeffrey@sternklarlaw.com

                                                          Counsel to Hillcrest Capital
                                                          Advisors, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GRANT ARMSTRONG AND ARMSTRONG RX GP, LLC | ) ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| WHITE WINSTON SELECT ASSET FUNDS, LLC | ) ) |
| | ) |
| | ) |
| Defendant/Third Party Plaintiff, | ) ) |
| | ) |
| v. | ) |
| | ) |
| ARMSTRONG RX II GP, LLC AND ARMSTRONG RX II, LP, | ) ) |
| | ) |
| Third Party Defendants. | ) |

C. A. No. 1:16-cv-10666-JGD

**HILLCREST CAPITAL ADVISORS, INC.'S RESPONSES TO PLAINTIFF GRANT ARMSTRONG'S SUBPOENA WITH REQUEST FOR DOCUMENTS**

Pursuant to Fed. R. Civ. P. 45, Hillcrest Capital Advisors, Inc. ("Hillcrest") responds and objects to the subpoena dated July 21, 2020 to Hillcrest Capital Advisors, Inc., through its Registered Agent Robert P. Mahoney (the "Subpoena") and the document requests appended thereto (the "Requests") propounded by Grant W. Armstrong and Armstrong RX GP, LLC (collectively "Armstrong") as set forth below.

**GENERAL OBJECTIONS**

1.      Hillcrest's General Objections are incorporated by reference into each of its responses, and where applicable to the Definitions and Instructions, as if set forth separately therein.  Hillcrest responds to these Requests based on its present knowledge and the documents

and things presently in its possession.  Hillcrest reserves the right to later supplement or amend these answers and responses.

2.      Hillcrest objects to the Requests and the accompanying definitions and instructions to the extent that they exceed or conflict with Hillcrest's obligations under the applicable Federal Rules of Civil Procedure and the local rules of the United States District Court for the District of Massachusetts.

3.      Hillcrest objects to the Requests to the extent that they seek any documents or things that are protected from discovery by the attorney-client privilege, the work-product doctrine and/or any other applicable privilege or immunity.  To the extent that any such privileged or protected information is disclosed, such disclosure will have been inadvertent and is not intended as, nor should it be deemed to be, a waiver of any privilege or protection.  Where appropriate, documents and things protected from discovery in this fashion will be identified on a privilege log, in accordance with applicable laws and standards.

4.      Hillcrest objects to each instruction, definition, or Request to the extent that it purports to seek or require Hillcrest to produce or provide documents or information that are not within its possession, custody, or control.

5.      Hillcrest objects to the Requests to the extent that they are vague and ambiguous, contain terms that are undefined or incorrectly defined as a matter of fact, and are susceptible to multiple meanings.

6.      Hillcrest objects to the Requests to the extent that they seek information, documents, and electronically stored information that is equally accessible to Armstrong.

7.      Hillcrest objects to the Requests to the extent that they impose an undue burden and expense on Hillcrest, particularly in light of the Covid-19 pandemic as its office staff is unable to

assist Mr. Mahoney in responding to the Requests or compiling the documents responsive to these Requests.

8.      Hillcrest objects to the Requests to the extent they exceed the two categories of requests that Armstrong falsely represented to the Court previously (Docket Number 160, at 9) that he intended to subpoena from Hillcrest and from Mr. Mahoney.

9.      Hillcrest objects to the Requests to the extent that they seek documents that were previously produced by White Winston Select Asset Funds, LLC ("White Winston").

10.     By stating that Hillcrest will produce any documents and/or things responsive to a particular request, Hillcrest does not represent that any such documents are within its possession, custody, or control.  Hillcrest will produce all documents located as a result of a reasonable, good faith search.  To the extent that Hillcrest provides documents and things in response to these Requests, Hillcrest does not concede that the documents and/or things provided are authentic as to origin or date, or relevant to this action or to any issue properly raised.  Hillcrest expressly reserves the right to object to further discovery into the subject matter of the Subpoena and Requests.

11.     Specific Objections are noted in responses where applicable, without waiver of the General Objections.  The assertion of certain General Objections as Specific Objections in response to some Requests and not others does not waive the General Objection.  Further, whether stated in a response or not, to the extent that a response is provided in spite of an objection, such response does not waive the objection made, and Hillcrest expressly reserves the right to make such objections at a later date.  The presence or absence of any General or Specific Objections to any response does not mean that Hillcrest does not object upon any other grounds.

12.     Hillcrest expressly reserves the right to supplement its production of documents.

3

REQUEST NO. 1

All documents, including drafts, drafts schedules, and correspondence, concerning the amortization of the Term Loan and Revolving Loan.

RESPONSE NO. 1

Hillcrest objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.  This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong, not previously produced by White Winston.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any.

REQUEST NO. 2

All documents, including drafts and correspondence, concerning balance sheets and financial statements for the Dallas Pharmacy.

RESPONSE NO. 2

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control.

REQUEST NO. 3

All documents, including drafts and correspondence, concerning monitoring fees assessed by Hillcrest Capital under the Revolving Loan.

RESPONSE NO. 3

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.  Hillcrest further objects to this Request on the grounds that it mischaracterizes and/or incorrectly describes any "monitoring fees."

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, not previously produced by White Winston.

REQUEST NO. 4

All invoices submitted to Armstrong RX II, LP or Armstrong, White Winston, and QVL.

RESPONSE NO. 4

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, not previously produced by White Winston, and that relate to the subject of this lawsuit, and only those documents that relate to its work with respect to Armstrong.

REQUEST NO. 5

All documents, including drafts and correspondence, concerning tax returns and journal entries for Armstrong RX II, LP.

RESPONSE NO. 5

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any.

REQUEST NO. 6

All documents, including drafts and correspondence, concerning Drawdown Requests.

RESPONSE NO. 6

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected

to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong, and that belong to White Winston.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, not previously produced by White Winston.

REQUEST NO. 7

All documents, including drafts and correspondence, concerning financial accounting and administrative matters as they relate to the Dallas Pharmacy operations of Armstrong RX II, LP.

RESPONSE NO. 7

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings, particularly with respect to the terms "financial accounting," "as they relate to" and "administrative matters." This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to White Winston or Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, not previously produced by White Winston.

REQUEST NO. 8

All documents, including drafts and correspondence, concerning annual reports filed with any state or federal regulatory agency prepared for Armstrong RX II, LP.

RESPONSE NO. 8

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest does not have any documents in its possession, custody, or control responsive to this Request.

REQUEST NO. 9

All documents, including drafts and correspondence, concerning any consulting agreement or other agreement entered into between Hillcrest Capital and Armstrong RX II, LP, White Winston, and QVL.

6

RESPONSE NO. 9

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings, particularly with respect to "other agreement." This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to White Winston.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, which relate to the matters that are the subject of this lawsuit, and only those documents that relate to its work with respect to Armstrong.  Hillcrest objects to this request and will not produce documents that do not relate to the matters that are the subject of this lawsuit.

REQUEST NO. 10

All documents, including drafts and correspondence, concerning the TexasRX Investment Trust subscription documents, presentation and deck.

RESPONSE NO. 10

Hillcrest objects to this Request on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties, including Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any.

REQUEST NO. 11

All documents, including drafts and correspondence, prepared by you as the administrative agent for QVL Pharmacy Holdings, Inc. and its subsidiaries, concerning a Fifth Amendment to Forbearance Agreement, Loan Agreement and Prime Vendor Agreement dated as of July 28, 2014 by and among Amerisource Bergen Drug Corporation, QVL Pharmacy Holdings, Inc. and certain of its subsidiaries and/or affiliates.

RESPONSE NO. 11

Hillcrest objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.  This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any.

REQUEST NO. 12

All documents, including drafts and correspondence, prepared by you as the administrative agent for QVL Pharmacy Holdings, Inc. and its subsidiaries, concerning an Amended and Restated Intercreditor Agreement, dated as of July 28, 2014, by and among Amerisource Bergen Drug Corporation, White Winston Select Asset Funds, LLC, QVL Pharmacy Holdings, Inc., and certain of its subsidiaries and/or affiliates.

RESPONSE NO. 12

Hillcrest objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.  This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong, including QVL Pharmacy Holdings, Inc., White Winston and Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest does not have any documents in its possession, custody, or control responsive to this Request.

REQUEST NO. 13

All documents, including drafts and correspondence, concerning a Transition Services Agreement dated as of May 29, 2014, by and among QVL Pharmacy Holdings, Inc., QVL Pharmacy #142 LP, Armstrong Rx II GP LLC, and Grant Armstrong, including but not limited to the preparation of statements and invoices to the Dallas Pharmacy under that Transition Services Agreement, the payment or nonpayment of invoiced amounts due the Dallas Pharmacy under that Transition Services Agreement, the cost of purchases, goods and services invoiced to the Dallas Pharmacy under that Transition Services Agreement, and the amounts purportedly credited to the Dallas Pharmacy under that Transition Services Agreement.

RESPONSE NO. 13

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties, including White Winston and Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, prior to December 31, 2015.  Hillcrest objects to the burdensome nature of this request and will not produce documents after December 31, 2015.

REQUEST NO. 14

All documents, including drafts and correspondence, concerning orders and purchases by the Dallas Pharmacy from AmerisourceBergen Drug Company and rebates and payments to the Dallas Pharmacy from AmerisourceBergen Drug Company, including but not limited to the placement, hold, and release of orders and purchases by the Dallas Pharmacy and the payment, delay of payment, or nonpayment of amounts due the Dallas Pharmacy.

RESPONSE NO. 14

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Hillcrest does not have any documents in its possession, custody, or control responsive to this Request.

REQUEST NO. 15

All documents, including drafts and correspondence, concerning the Dallas Pharmacy produced to you by QVL or any of its agents after QVL filed for bankruptcy on December 29, 2015.

RESPONSE NO. 15

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties, including QVL, and are publicly available through the United States Bankruptcy Court.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any.

REQUEST NO. 16

All documents, including drafts and correspondence, concerning transfers from any account at Boston Private Bank & Trust Company for which you signed an Account Agreement, Corporate Authorization, Corporate Resolution, and/or Wire Transfer Authorization, and/or for which you were designated an Account Owner, Authorized Representative and/or Authorized Signer, to any Dallas Pharmacy account at Boston Private Bank & Trust Company. Authorized Signer, to any Dallas Pharmacy account at Boston Private Bank & Trust Company.

RESPONSE NO. 16

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope, and seeks production of documents that have nothing to do with the issues in dispute in this lawsuit. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties. Hillcrest further objects to this Request on the grounds that it seeks to evade the limitations imposed on Armstrong's discovery of Boston Private Bank account statements and documents by the Court in prior orders.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, that relate to the subject matter of this lawsuit, and that are within the limitations imposed on Armstrong by the Court with respect to the scope of subpoenas for documents from Boston Private Bank; however, notwithstanding the foregoing, Hillcrest will limit its production of documents to only the specific transactions requested by Attorney Clendenen's letter to Attorney Sternklar, dated July 8, 2020.

REQUEST NO. 17

All written correspondence, including e-mails, messages, and text messages, between any officer, agent, employee, and/or representative of Hillcrest Capital Advisors, Inc., including but not limited to you, and any other person or entity, including White Winston, Todd Enright, Robert Mahoney, Donald Feagan, Mark Blundell, QVL, Stephen Cox, Chad Collins, Sandra Gonzales, Joyce Montgomery, Grant Armstrong, AmerisourceBergen Drug Company, Val Osipov, Monique Perez, Marlene Diaz, Roger McMullen, Alejandro Satizabal, Karen Watson, and Robert Allberry concerning:

a. the Dallas Pharmacy Transaction;
b. the Dallas Pharmacy;
c. the Dallas Lockbox;
d. "Dallas TSA"
e. "TSA for Dallas"
f. "TSA Store 142"
g. "Dallas note"
h. "Dallas notes"
i. "Accounting Fees"
j. "Monitoring Fees"
k. "Draw request Dallas"
l. "Armstrong Rx"
m. "Central pay – Dallas"
n. "Central pay –deposits Dallas"
o. "Dallas deposits"
p. "Dallas advance"
q. "Dallas payroll"

r. "Dallas deck"
s. "Dallas Draw"
t. "Financials YTD"
u. "Balance Sheet and Income Statement"
v. "Dallas financials"
w. "ABC payment for Dallas"
x. "Dallas ABC payment"
y. "ABC Purchases"
z. "ABC payment"

RESPONSE NO. 17

Hillcrest objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and White Winston.

Subject to, and without waiving the foregoing objections, Hillcrest will produce those responsive, non-privileged, and relevant documents in its possession, custody, or control, if any, dated on or prior to December 31, 2015, that relate to the subject matter of this lawsuit, and only those documents that relate to its work with respect to Armstrong.  Additionally, Hillcrest will only produce emails to or from Robert Mahoney's Hillcrest email address (rmahoney@hillcrestco.com) relevant to this Request.  Hillcrest will also only produce Robert Mahoney's text messages relevant to this Request.  Hillcrest will produce those responsive, non-privileged, and relevant documents to this Request in its possession, custody, or control on a rolling basis.


Dated:  August 12, 2020                          Respectfully Submitted,


                                                 /s/ Jeffrey D. Sternklar
                                                 Jeffrey D. Sternklar (BBO#549561)
                                                 JEFFREY D. STERNKLAR LLC
                                                 26th Floor
                                                 225 Franklin Street
                                                 Boston, MA  02110
                                                 Telephone:  (617) 396-4515
                                                 Facsimile:  (617) 507-6530
                                                 Email:  jeffrey@sternklarlaw.com

                                                 Counsel to Hillcrest Capital
                                                 Advisors, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRANT ARMSTRONG AND ARMSTRONG RX GP, LLC | ) ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| WHITE WINSTON SELECT ASSET FUNDS, LLC | )       C. A. No. 1:16-cv-10666-JGD ) |
| | ) |
| | ) |
| Defendant/Third Party Plaintiff, | ) ) |
| | ) |
| v. | ) |
| | ) |
| ARMSTRONG RX II GP, LLC AND ARMSTRONG RX II, LP, | ) ) |
| | ) |
| Third Party Defendants. | ) |

### ROBERT P. MAHONEY'S RESPONSES TO PLAINTIFF GRANT ARMSTRONG'S SUBPOENA WITH REQUEST FOR DOCUMENTS

Pursuant to Fed. R. Civ. P. 45, Robert P. Mahoney ("Mahoney") responds and objects to the subpoena dated July 21, 2020 (the "Subpoena") and the document requests appended thereto (the "Requests") propounded by Grant W. Armstrong and Armstrong RX GP, LLC (collectively "Armstrong") as set forth below.

### GENERAL OBJECTIONS

1.      Mahoney's General Objections are incorporated by reference into each of its responses, and where applicable to the Definitions and Instructions, as if set forth separately therein.  Mahoney responds to these Requests based on its present knowledge and the documents and things presently in its possession.  Mahoney reserves the right to later supplement or amend these answers and responses.

1

2.      Mahoney objects to the Requests and the accompanying definitions and instructions to the extent that they exceed or conflict with Mahoney's obligations under the applicable Federal Rules of Civil Procedure and the local rules of the United States District Court for the District of Massachusetts.

3.      Mahoney objects to the Requests to the extent that they seek any documents or things that are protected from discovery by the attorney-client privilege, the work-product doctrine and/or any other applicable privilege or immunity.  To the extent that any such privileged or protected information is disclosed, such disclosure will have been inadvertent and is not intended as, nor should it be deemed to be, a waiver of any privilege or protection.  Where appropriate, documents and things protected from discovery in this fashion will be identified on a privilege log, in accordance with applicable laws and standards.

4.      Mahoney objects to each instruction, definition, or Request to the extent that it purports to seek or require Mahoney to produce or provide documents or information that are not within its possession, custody, or control.

5.      Mahoney objects to the Requests to the extent that they are vague and ambiguous, contain terms that are undefined or incorrectly defined as a matter of fact, and are susceptible to multiple meanings.

6.      Mahoney objects to the Requests to the extent that they seek information, documents, and electronically stored information that is equally accessible to Armstrong.

7.      Mahoney objects to the Requests to the extent that they impose an undue burden and expense on Mahoney, particularly in light of the Covid-19 pandemic as its office staff is unable to assist Mahoney in responding to the Requests or compiling the documents responsive to these Requests.

8.      Mahoney objects to the Requests to the extent that they exceed the two categories of requests that Armstrong falsely represented to the Court previously (Docket Number 160, at 9) that he intended to subpoena from Hillcrest Capital Advisors, Inc. ("Hillcrest") and Mahoney.

9.      Mahoney objects to the Requests to the extent that they seek documents that were previously produced by White Winston Select Asset Funds, LLC ("White Winston").

10.     By stating that Mahoney will produce any documents and/or things responsive to a particular request, Mahoney does not represent that any such documents are within its possession, custody, or control.  Mahoney will produce all documents located as a result of a reasonable, good faith search.  To the extent that Mahoney provides documents and things in response to these Requests, Mahoney does not concede that the documents and/or things provided are authentic as to origin or date, or relevant to this action or to any issue properly raised. Mahoney expressly reserves the right to object to further discovery into the subject matter of the Subpoena and Requests.

11.     Specific Objections are noted in responses where applicable, without waiver of the General Objections.  The assertion of certain General Objections as Specific Objections in response to some Requests and not others does not waive the General Objection.  Further, whether stated in a response or not, to the extent that a response is provided in spite of an objection, such response does not waive the objection made, and Mahoney expressly reserves the right to make such objections at a later date.  The presence or absence of any General or Specific Objections to any response does not mean that Mahoney does not object upon any other grounds.

12.     Mahoney expressly reserves the right to supplement its production of documents.

REQUEST NO. 1

All documents, including drafts, drafts schedules, and correspondence, concerning the amortization of the Term Loan and Revolving Loan.

RESPONSE NO. 1

Mahoney objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.  This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong, not previously produced by White Winston.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any.

REQUEST NO. 2

All documents, including drafts and correspondence, concerning balance sheets and financial statements for the Dallas Pharmacy.

RESPONSE NO. 2

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any.

REQUEST NO. 3

All documents, including drafts and correspondence, concerning monitoring fees assessed by Hillcrest Capital under the Revolving Loan.

RESPONSE NO. 3

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any, not previously produced by White Winston.  Mahoney further objects to this Request on the grounds that it mischaracterizes and/or incorrectly describes any "monitoring fees."

REQUEST NO. 4

All invoices submitted to Armstrong RX II, LP or Armstrong, White Winston, and QVL.

RESPONSE NO. 4

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any, not previously produced by White Winston, and that relate to the subject of this lawsuit, and only those documents that relate to its work with respect to Armstrong.

REQUEST NO. 5

All documents, including drafts and correspondence, concerning tax returns and journal entries for Armstrong RX II, LP.

RESPONSE NO. 5

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any.

REQUEST NO. 6

All documents, including drafts and correspondence, concerning Drawdown Requests.

RESPONSE NO. 6

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong, and that belong to White Winston.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any, not previously produced by White Winston.

REQUEST NO. 7

All documents, including drafts and correspondence, concerning financial accounting and administrative matters as they relate to the Dallas Pharmacy operations of Armstrong RX II, LP.

RESPONSE NO. 7

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings, particularly with respect to the terms "financial accounting," "as they relate to," and "administrative matters." This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to White Winston or Armstrong.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any, not previously produced by White Winston.

REQUEST NO. 8

All documents, including drafts and correspondence, concerning annual reports filed with any state or federal regulatory agency prepared for Armstrong RX II, LP.

RESPONSE NO. 8

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to Armstrong.

Subject to, and without waiving the foregoing objections, Mahoney does not have any documents in his possession, custody, or control responsive to this Request.

REQUEST NO. 9

All documents, including drafts and correspondence, concerning any consulting agreement or other agreement entered into between Hillcrest Capital and Armstrong RX II, LP, White Winston, and QVL.

RESPONSE NO. 9

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings, particularly with respect to "other agreement." This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong, and that belong to White Winston.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any, which relate to the matters that are the subject of this lawsuit, and only those documents that relate to his work with respect to Armstrong.  Mahoney objects to this request and will not produce documents that do not relate to the matters that are the subject of this lawsuit.

REQUEST NO. 10

All documents, including drafts and correspondence, concerning the TexasRX Investment Trust subscription documents, presentation and deck.

RESPONSE NO. 10

Mahoney objects to this Request on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties, including Armstrong.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any.

REQUEST NO. 11

All documents, including drafts and correspondence, prepared by you as the administrative agent for QVL Pharmacy Holdings, Inc. and its subsidiaries, concerning a Fifth Amendment to Forbearance Agreement, Loan Agreement and Prime Vendor Agreement dated as of July 28, 2014 by and among Amerisource Bergen Drug Corporation, QVL Pharmacy Holdings, Inc. and certain of its subsidiaries and/or affiliates.

RESPONSE NO. 11

Mahoney objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.  This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any.

REQUEST NO. 12

All documents, including drafts and correspondence, prepared by you as the administrative agent for QVL Pharmacy Holdings, Inc. and its subsidiaries, concerning an Amended and Restated Intercreditor Agreement, dated as of July 28, 2014, by and among Amerisource Bergen Drug Corporation, White Winston Select Asset Funds, LLC, QVL Pharmacy Holdings, Inc., and certain of its subsidiaries and/or affiliates.

RESPONSE NO. 12

Mahoney objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong, including QVL Pharmacy Holdings, Inc., White Winston, and Armstrong.

Subject to, and without waiving the foregoing objections, Mahoney does not have any documents in his possession, custody, or control responsive to this Request.

REQUEST NO. 13

All documents, including drafts and correspondence, concerning a Transition Services Agreement dated as of May 29, 2014, by and among QVL Pharmacy Holdings, Inc., QVL Pharmacy #142 LP, Armstrong Rx II GP LLC, and Grant Armstrong, including but not limited to the preparation of statements and invoices to the Dallas Pharmacy under that Transition Services Agreement, the payment or nonpayment of invoiced amounts due the Dallas Pharmacy under that Transition Services Agreement, the cost of purchases, goods and services invoiced to the Dallas Pharmacy under that Transition Services Agreement, and the amounts purportedly credited to the Dallas Pharmacy under that Transition Services Agreement.

RESPONSE NO. 13

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties, including White Winston and Armstrong.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any, prior to December 31, 2015. Mahoney objects to the burdensome nature of this request and will not produce documents after December 31, 2015.

REQUEST NO. 14

All documents, including drafts and correspondence, concerning orders and purchases by the Dallas Pharmacy from AmerisourceBergen Drug Company and rebates and payments to the Dallas Pharmacy from AmerisourceBergen Drug Company, including but not limited to the placement, hold, and release of orders and purchases by the Dallas Pharmacy and the payment, delay of payment, or nonpayment of amounts due the Dallas Pharmacy.

RESPONSE NO. 14

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong.

Subject to, and without waiving the foregoing objections, Mahoney does not have any documents in his possession, custody, or control responsive to this Request.

REQUEST NO. 15

All documents, including drafts and correspondence, concerning the Dallas Pharmacy produced to you by QVL or any of its agents after QVL filed for bankruptcy on December 29, 2015.

RESPONSE NO. 15

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties, including QVL, and are publicly available through the United States Bankruptcy Court.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any.

REQUEST NO. 16

All documents, including drafts and correspondence, concerning transfers from any account at Boston Private Bank & Trust Company for which you signed an Account Agreement, Corporate Authorization, Corporate Resolution, and/or Wire Transfer Authorization, and/or for which you were designated an Account Owner, Authorized Representative and/or Authorized Signer, to any Dallas Pharmacy account at Boston Private Bank & Trust Company. Authorized Signer, to any Dallas Pharmacy account at Boston Private Bank & Trust Company.

RESPONSE NO. 16

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope, and seeks production of documents that have nothing to do with the issues in dispute in this lawsuit. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and that belong to third parties. Mahoney further objects to this Request on the grounds that it seeks to evade the limitations imposed on Armstrong's discovery of Boston Private Bank account statements and documents by the Court in prior orders.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any, that relate to the subject matter of this lawsuit, and that are within the limitations imposed on Armstrong by the Court with respect to the scope of subpoenas for documents from Boston Private Bank; however, notwithstanding the foregoing,  Mahoney will limit his production of documents to only the specific transactions requested by Attorney Clendenen's letter to Attorney Sternklar, dated July 8, 2020.

REQUEST NO. 17

All written correspondence, including e-mails, messages, and text messages, between any officer, agent, employee, and/or representative of Hillcrest Capital Advisors, Inc., including but not limited to you, and any other person or entity, including White Winston, Todd Enright, Robert Mahoney, Donald Feagan, Mark Blundell, QVL, Stephen Cox, Chad Collins, Sandra Gonzales, Joyce Montgomery, Grant Armstrong, AmerisourceBergen Drug Company, Val Osipov, Monique Perez, Marlene Diaz, Roger McMullen, Alejandro Satizabal, Karen Watson, and Robert Allberry concerning:

a. the Dallas Pharmacy Transaction;
b. the Dallas Pharmacy;
c. the Dallas Lockbox;
d. "Dallas TSA"
e. "TSA for Dallas"
f. "TSA Store 142"
g. "Dallas note"
h. "Dallas notes"
i. "Accounting Fees"
j. "Monitoring Fees"
k. "Draw request Dallas"
l. "Armstrong Rx"
m. "Central pay – Dallas"
n. "Central pay –deposits Dallas"
o. "Dallas deposits"
p. "Dallas advance"

10

q. "Dallas payroll"
r. "Dallas deck"
s. "Dallas Draw"
t. "Financials YTD"
u. "Balance Sheet and Income Statement"
v. "Dallas financials"
w. "ABC payment for Dallas"
x. "Dallas ABC payment"
y. "ABC Purchases"
z. "ABC payment"

RESPONSE NO. 17

Mahoney objects to this Request on the grounds that it is vague and ambiguous and subject to multiple meanings. This Request is further objected to on the grounds that it is overly broad and unduly burdensome and not reasonably limited in time and scope. This Request is further objected to on the grounds that it seeks documents that are in the possession, custody, or control of third parties and/or Armstrong and White Winston.

Subject to, and without waiving the foregoing objections, Mahoney will produce those responsive, non-privileged, and relevant documents in his possession, custody, or control, if any, dated on or prior to December 31, 2015, that relate to the subject matter of this lawsuit, and only those documents that relate to his work with respect to Armstrong. Additionally, Mahoney will only produce emails to or from Mahoney's Hillcrest email address (rmahoney@hillcrestco.com) relevant to this Request. Mahoney will also only produce Mahoney's text messages relevant to this Request. Mahoney will produce those responsive, non-privileged, and relevant documents to this Request in its possession, custody, or control on a rolling basis.


Dated:  August 12, 2020                          Respectfully Submitted,


                                                 /s/ Jeffrey D. Sternklar
                                                 Jeffrey D. Sternklar (BBO#549561)
                                                 JEFFREY D. STERNKLAR LLC
                                                 26th Floor
                                                 225 Franklin Street
                                                 Boston, MA  02110
                                                 Telephone:  (617) 396-4515
                                                 Facsimile:   (617) 507-6530
                                                 Email:  jeffrey@sternklarlaw.com

                                                 Counsel to Robert Mahoney